## Tom Gill v. The State.

### No. 5114. Decided February 5, 1919.

**1.—Theft—Complaint—Words and Phrases—Misspelling.**

The misspelling of the word corporeal by writing it carporeal did not render the complaint invalid.

**2.—Same—Continuance—Motion for New Trial.**

Where defendant in motion for new trial complained of the court's action in overruling his application and supplemental motion for continuance, and the record showed that the absent testimony was of an impeaching character, and this in connection with the evidence introduced upon trial showed the immateriality of the testimony, there was no error in overruling the same. Following Todd v. State, 57 Texas Crim. Rep., 26, and other cases.

**3.—Same—Recent Possession—Charge of Court—Objections to Charge.**

Where, upon trial of theft, the court gave a proper charge on the law relating to the possession of property recently stolen, and the exceptions to the

charge were that the same was on the weight of the evidence, without distinctly specifying the ground of objection, the same were insufficient.

### 4.—Same—Rule Stated—Objection to Charge of Court.

While no form of objection to the charge of the court is prescribed or can be laid down, yet it must distinctly specify the particular matter constituting the claimed error, and a mere suggestion, rather than a specification, of faults in the charge is entirely too general to require a review. Following Martin v. State, 38 Texas Crim. Rep., 463, and other cases.

### 5.—Same—Requested Charge—Rule Stated—Practice on Appeal.

The law requires that where a charge is requested the record should show on appeal that it was presented to the trial judge before the main charge was read, that an exception was reserved to its refusal, and either in a bill of exceptions or the motion for new trial there should be given the reasons which require that it should have been read to the jury. Following Bain v. State, 73 Texas Crim. Rep., 528.

### 6.—Same—Identification—Sufficiency of the Evidence.

Where, upon trial of theft, the identity of the alleged stolen property was sufficiently proved to make it a question of fact for the jury the conviction will be sustained. Following Lynne v. State, 53 Texas Crim. Rep., 376, and other cases.

Appeal from the District Court of Fisher. Tried below before the Hon. M. A. Hopson.

Appeal from a conviction of theft under the value of fifty dollars; penalty, one year confinement in the county jail.

The opinion states the case.

*J. D. Barker,* for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The conviction is for misdemeanor theft. The pleader, in writing the complaint, in undertaking to write the word "corporeal" wrote it "carporeal." This misspelling did not render the indictment invalid. Branch's Ann. P. C., sec. 490, and cases listed.

There was an application for continuance on account of absence of two witnesses who were not summoned, and the motion for new trial does not complain of any injury or error in respect to them. They are alleged residents of the county and no affidavits from them are attached to the motion for new trial, or accounted for.

A second, or supplemental motion for continuance was based on the absence of a witness whose testimony would have gone only to the impeachment of one of the State's witnesses. The motion for new trial was not supported by his affidavit, or does any reason for its absence appear. The refusal of the trial court to grant a continuance to procure impeaching evidence is rarely reviewed. Branch's Ann. P. C., sec. 324. The alleged evidence of the absent witness does not come within any exception to the rule; in fact, its admissibility for impeachment is doubtful in that it relates to an immaterial inquiry. Consider-

ing the evidence adduced on the trial in connection with the application for continuance, we are of the opinion that there is no abuse of discretion of the trial court shown. Bronson v. State, 59 Texas Crim. Rep., 17; Todd v. State, 57 Texas Crim. Rep., 26; Branch's Ann. P. C., secs. 305-306.

Instructing the jury on the law relating to the possession of property recently stolen the court gave the following:

"If you believe from the evidence that the property described in the information had been stolen from S. J. Richey and that recently thereafter the defendant was found in possession of said property, and when his possession was first questioned he made an explanation of how he came by it, and you believe that such explanation is reasonable and probably true, and accounted for defendant's possession in a manner consistent with his innocence, then you will consider such explanation as true and acquit the defendant. If, on the contrary, you believe such explanation was unreasonable and did not account for defendant's possession in a manner consistent with his innocence or you believe that same accounted for defendant's possession in a manner consistent with his innocence, but the State has shown the falsity thereof, then you will take the possession of defendant together with his explanation in connection with all the other facts and circumstances, if any, in evidence, and if you believe beyond a reasonable doubt, you will find him guilty, otherwise you will acquit the defendant."

We are unable to discern in what respect this instruction infringed appellant's right. It seems in accord with approved cases. Bacon v. State, 61 Texas Crim. Rep., 206; Roberts v. State, 60 Texas Crim. Rep., 24; Lovelace v. State, 45 Texas Crim. Rep., 263; Wheeler v. State, 38 Texas Crim. Rep., 73.

The only criticism made of it in the exceptions to the charge filed in the trial court was "Because paragraph 4 of said charge is on the weight of the evidence." The statute, article 735, C. C. P., requires that before the charge is read to the jury, the defendant "shall present his objections in writing"—*distinctly specifying* each ground of objection, and article 743 of same code requires that "all objections to the charge shall be made at the time of the trial." These provisions were made with the purpose of advising the trial judge, before his charge is given to the jury, of defects, affirmative or negative, which in the judgment of counsel for the accused occurred in the charge, and to afford the trial judge the opportunity to amend the charge enlightened by the views of counsel for the accused.

No form of objection is prescribed, and in the nature of the case, none can be laid down, but the charge complained of and the objection made must be considered together, and if it is sufficiently definite to make reasonably apparent to the trial judge the faults complained of, it will be regarded on appeal as a substantial compliance with the requirements of the statute. The statute demanding that the objections shall be *distinctly specified* is not ordinarily met by a general objection.

The language used was construed by the Court of Civil Appeals in Cobb v. Johnson, 105 S. W. Rep., 847, before the statute mentioned was enacted, and held to require that not only the particular part of the proceeding complained of, but also the particular matter constituting error should be specified.

There are many decisions reflecting the views of this court with reference to the sufficiency of exceptions to the charge of the court. The Act of 1913, article 735, C. C. P., doubtless was not intended to materially change the character of exceptions required, but its main object was to change the time at which the objection should be made, requiring it before the charge was read instead of in motion for new trial. The decisions relating to the form of objections required under former statutes are collated in White's Code Crim. Proc., p. 550, sec. 845. From these it is apparent that the objection made in the instant case constituted a mere suggestion, rather than a specification of faults objected to, and when considered in connection with the charge was entirely too general to require review. See Martin v. State, 38 Texas Crim. Rep., 463.

The special charge requested on the subject of the explanation of the possession of property recently stolen was not required in view of the court's charge on the subject, and the exception to its refusal is not so presented as to require consideration. The law requires that where a charge is requested the record should show that it was presented to the trial judge before the main charge was read, that an exception was reserved to its refusal, and either in a bill of exceptions or the motion for new trial there should be given the reasons appearing in the record which require that it should have been read to the jury. C. C. P., art. 737a; Berg v. State, 64 Texas Crim. Rep., 612; Bain v. State, 73 Texas Crim. Rep., 528.

Richey, the owner of the alleged stolen property, testified that he missed a sack of wheat; that the sack had holes in it and he found on the ground wheat apparently spilled from the sack, when it was taken from his premises and put in a wagon, and he traced the wagon in the same manner for some distance, and went to appellant's home and there found his sack of wheat, which he claimed to identify partly by its mixture with barley cane and weeds, and by the sack, which had holes in it which were sewed up with a certain kind of twine, which he claimed to recognize.

Appellant claimed to have bought the wheat from a witness who kept a store, who denied the sale    The appellant assails the sufficiency of the evidence on the ground that the identity of the stolen property was not shown. There was testimony controverting the manner in which the sack was patched, and there were some samples of the wheat exhibited to the witness Richey, which he said he could not identify with certainty as coming from his sack.

The identity of the stolen property is generally treated as a question for the jury, and taking into consideration the quantity and mixture of

the wheat coinciding with that lost by Richey; his positive testimony relating to the identity of the sack, which was exhibited to the jury, and the evidence disproving appellant's explanation of his possession, we do not feel authorized to disturb the verdict. Lynne v. State, 53 Texas Crim. Rep., 376; Suggs v. State, 65 Texas Crim. Rep., 67, 143 S. W. Rep., 186; Bagley v. State, 3 Texas Crim. App., 166; Palm v. State, 65 S. W. Rep., 183.

The judgment is affirmed.

*Affirmed.*