## George Brooks v. The State.

No. 5855.  Decided February 23, 1921.

**1.—Rape—Preliminary Statement—Jury and Jury Law.**

Where, upon trial of rape upon a female under the age of consent, prosecuting attorney made a preliminary statement of the case under the statute, after which defendant's counsel contended that he be again permitted to question the members of the jury, who had been selected in accordance with the law and duly sworn, as to whether any of them had formed any opinion as to the guilt or innocence of the deceased, etc., from hearing the said opening statements made by the prosecutor, there was no error in overruling said request, and there being no other proper objection to said statement, there was no error.

**2.—Same—Evidence—Testimony of Prosecutrix.**

Upon trial of rape upon a female under the age of consent, there was no error in admitting the testimony of the prosecutrix as to her family surroundings and method of daily living, showing the movements and situation of the prosecutrix at various times when she was met by defendant, anterior and leading up to the occasion of the sexual intercourse between them, etc., and to further testify that no other person had had carnal connection with her prior to the date of the instant offense.

**3.—Same—Evidence—Hypothetical Testimony—Physician—Penetration.**

Where, upon trial of rape, etc., there was no evidence as to a physical examination as to the condition of the private parts of the prosecutrix, there was no error in excluding the testimony of a physician offered by the defense to the general effect that the penetration of a female organ by that of a male organ would probably rupture the hymen of the female if intact and normal, and would likely give evidence as to whether there had been any penetration.

**4.—Same—Defendant as a Witness—Application for Continuance.**

Upon trial of rape upon a female under the age of consent, there was no error in the questions by the State of the defendant when a witness relative to certain portions of two applications for continuance theretofore made and signed by him, the statements of which were contradictory of his evidence, and as to both of which he claimed that the statements therein were untrue, but offered certain explanations of his action in signing the same, and there was no error in not excluding the second application for continuace in this connection.  Distinguishing Wilson v. State, 69 Texas Crim. Rep., 432.

**5.—Same—Charge of Court—Requested Charges—Date of Offense.**

Where, upon trial of rape upon a female under the age of consent, defendant contended that the alleged offense took place, if at all, about a month earlier than alleged in the indictment, and requested a charge upon this phase of the case, but the court's main charge properly submitted the question to the jury and confined them to the date alleged in the indictment, there was no reversible error.

**6.—Same—Sufficiency of the Evidence.**

Where, upon trial of rape upon a female under the age of 18 years, the evidence was sufficient to sustain the conviction under a proper charge of the court, there was no reversible error.

**7.—Same—Rehearing—Evidence—Rule Stated—Qualified Denial.**

It seems well settled that where one makes a qualified denial, the party attacking such witness is entitled to introduce proof of the contradictory statement, and where in the instant case the defendant admitted he had signed and sworn to the applications for continuance but made various excuses and statements, regarding the circumstances under which he made such statements therein, etc., there was no error in permitting the State to introduce such statements in said applications for continuance in evidence.

**8.—Same—Preliminary Statement—Prosecuting Attorney.**

There was no error in refusing the motion of defendant to instruct the jury not to consider the preliminary statement made by the State as evidence, as there was nothing probable or possible for the jury to consider that such statement was being given by said attorney as a witness or as his testimony.

**9.—Same—Different Transactions—Requested Charge—Rule Stated—Age of Consent.**

It is well settled that there must be some substantial evidence calling for an instruction before it becomes the duty of the trial court to give the same, and where there was no evidence that there were other acts of intercourse than the one alleged in the indictment, there was no error in refusing a requested charge that the jury could not convict if the act took place before a certain other date, at which time the law raising the age of consent to 18 became effective.

Appeal from the District Court of San Saba. Tried below before the Honorable N. T. Stubbs.

Appeal from a conviction of rape upon a female under the age of consent; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Walters & Baker* and *John W. Estes* and *John L. Poulter,* and *Mitch Johnson* and *Muse & Muse,* for appellant.—On question of admitting in evidence the statements of the two applications for continuance: Wilson v. State, 154 S. W. Rep., 1015; Dean v. State, 47 id., 243; Barnard v. State, 45 id., 67; Rodriguez, 23 Texas Crim. App., 503.

On question of preliminary statement by prosecuting attorney: Kennedy v. State, 19 Texas Crim. App., 618; Bryson v. State, 20 id., 556; Carter v. State, 170 S. W. Rep., 739; Porterfield v. State, 224 S. W. Rep., 956; Jones v. State, 115 S. W. Rep., 166.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted of the offense of rape of a female under the age of consent, and his punishment fixed at five years confinement in the penitentiary.

It appears from the first bill of exceptions in the record that the prosecution made a statement of its case, as is permitted by our statute, in the opening. No objection seems to have been made to the ex-

tended character of this statement at the time, although it was strenuously objected to in the presentation of the case in oral argument before this Court. After the said statement was concluded, appellant asked that he be permitted to again question the members of the jury which had been selected in accordance with the law and duly sworn, as to whether or not any of them had formed any opinion as to the guilt or innocence of the accused which might influence their verdict, from hearing the opening statement made by the prosecution. The request of appellant was refused by the trial court, and we see no error in such refusal. If the appellant felt that the State's right to make a proper statement of its case was being exceeded, and that his rights were being invaded, and he was suffering injury from the character of statement indulged in, the time for objection was when such statement was made. We know of no rule of procedure that would authorize the granting of the request referred to, or the discharge of any member of the jury who might be willing to state that he had concluded from the opening statement that the accused was guilty.

Appellant has several bills of exceptions pertaining to objections made to testimony of the prosecutrix as to her family surroundings and method of daily living. We are unable to see anything presented by any of these bills of exceptions from which possible harm might have come to the appellant. Several of the matters included were material as showing the movements and situation of the girl at the various times she says she was met by appellant anterior and leading up to the occasion of the intercourse between them. It was not objectionable to permit the prosecutrix to state that her father and elder brother were away from home at the time of these occurrences, it appearing from the record that her first report of the occurrences was made to the neighbors and officers. Nor do we see any valid ground of objection to permitting the prosecutrix, after appellant had asked her if any one else had ever been familiar with her, to state that no other person had had carnal connection with her prior to the date of this offense.

Appellant offered the testimony of a physician, to the general effect that the penetration of a female organ by that of a male, would probably rupture the hymen of the female if intact and normal, and would likely give evidence as to whether or not there had been any penetration. This testimony was refused by the trial court, and we think properly. There appears no evidence in the record of any examination having theretofore been made, or testimony thereof being offered, as to the condition of the private parts of the prosecutrix, or any other evidence making such testimony material and we are unable to see what issue the offered testimony of the physician could legitimately affect.

When appellant was a witness, he was asked relative to certain portions of two applications for continuance theretofore made and signed by him, the statements in which were contradictory of his evidence, and as to both he claimed that the statements therein were untrue, but

offered certain explanations of his action in signing same. Each of said statements so referred to, if true, would have been very material to the defense, and if untrue, was material for the purpose of impeaching the testimony of appellant as a witness in this case. While appellant offered explanations as to how he came to make such statements, we do not think the State was precluded from offering in evidence such portions of each application as appellant was questioned about, and which were contrary to his evidence as a witness. Appellant asked a special instruction to the effect that the jury would not consider the second application offered by the State, but we think the instruction was properly refused. Wilson v. State, 69 Texas Crim. Rep., 432, 154 S. W. Rep., 1017, is relied on as authority for the rejection of the matter contained in these applications, and the giving of such instructions. We think this case without application. The opinion therein set forth that there was nothing contained in the application offered by the State and admitted, tending to impeach appellant. In the instant case, appellant testified that he was not with the prosecutrix at any time or place after June 23, 1918. In the application for continuance offered in evidence, he set up that he expected to prove by a Mrs. Corley, that on the afternoon of July 8, 1918, the same being the date fixed by prosecutrix for the alleged offense, near the place where prosecutrix claimed to have been raped, and a few moments after the time fixed by prosecutrix that said Mrs. Corley saw the appellant and prosecutrix, and that she would testify that the prosecutrix seemed to be in a good humor, was cheerful, and was in no wise unnatural, etc., etc. It thus easily appears that the facts in the Wilson case, and the opinion therein, are not in point as bearing on the instant case, and that the statements of appellant in said application made by him, were most materially different from his testimony as given.

In his charge, the court pointedly told the jury that if they found from the evidence that appellant was not present at the McAnally Springs in San Saba County, between five o'clock p. m. and one-half hour before sunset on July 8, 1918, but was at another and different place, or that the jury had a reasonable doubt thereof, they should acquit. This charge made unnecessary the special charge asked by appellant, to the effect that if the jury found that the intercourse, if any, between appellant and the prosecutrix, took place on June 19, 1918, the jury should acquit. Prosecutrix had sworn positively that the act occurred at McAnally Springs on July 8. The court's charge above referred to, limits both time and place to the one named by her, and effectually instructs an acquittal if the jury believed it occurred at any other time or place.

We have omitted an extended discussion of the facts in this case, but are of opinion that they show an assault upon the morals of a young and inexperienced girl by a mature man of more than forty years of age; that the girl was led to believe that this man loved her, and would not undertake to induce her to do wrong; but that other

girls did the same way as he was seeking to get her to do, without injury, and that she yielded her youth and innocence to his embraces. The lure of an automobile figures potently in the case, and probably had its effect on this prosecutrix, who first began to take rides therein harmlessly, but soon was being led on from kisses to embraces and indecencies and ruin. The jury was lenient with appellant in giving him five years in the penitentiary.

Finding no error in the judgment, the same is affirmed.

*Affirmed.*

ON REHEARING.

February 23, 1921.

LATTIMORE, Judge.—Appellant insists that when on the witness stand he admitted that he had made statements, in his two applications for continuance, contradictory of his testimony; and that having made such admission, this case should now be reversed because the State was allowed to put both of said applications in evidence. The objection, that the applications should not be allowed because he had already admitted such facts, does not appear in the bill of exceptions. If it did so appear we would be compelled to hold that in order to justify the rejection of proof thereof his admissions would have to be without qualification, which was not the case. 'The facts show that two applications for continuance had been made, presented and overruled. Each of them contained matter contradictory not only of appellant's testimony on this trial but of each other. While admitting that he signed and swore to such applications, appellant made various excuses and statements regarding the circumstances under which he made said statements if they appeared therein, stating, in effect, that he did not know that parts of the statements attributed to him were in such applications;—that they were rushed for time in preparing same;—that his mistake was as to dates;—that he called his attorney's attention to one of the mistakes. It seems well settled that where one makes a qualified denial, the party attacking such witness is entitled to introduce proof of the contradictory statements. We have examined the authorities cited. None of them, nor does any other known to us, hold it reversible error to allow proof of such contradictory statements when the denial is qualified; nor do any of the authorities cited even go to the extent of holding that a case would be reversed where the witness admitted having made the contradictory statement, and proof was thereafter admitted of same.

There was no error in refusing the motion of appellant to instruct the jury not to consider the preliminary statement made by the State, as evidence. The statement was made by an attorney for the prosecution, and it appears throughout to be a statement of what the State expected to show by witnesses. Nohing herein appears to make it at

all probable, or even possible, for the jury to consider that same was being given by said attorney as a witness or as his testimony.

The proposition is urged that notwithstanding the fact that prosecutrix testified positively that there was but one act of intercourse between appellant and herself, which occurred on July 8, 1918; and that appellant testified with equal positiveness that there was never any act of intercourse between them at all, still the trial court erred in not telling the jury that they could not convict if the act took place before June 19, 1918, at which time the law raising the age of consent to eighteen became effective. It is well settled that there must be some substantial evidence calling for an instruction before it becomes the duty of the trial court to give same. In this case the prosecutrix testified that she had been out with appellant in his car a few times before the 19th of June, but that no act of intercourse took place between them. She stated that on these occasions he kissed her and fondled her person, and that he sought her carnal favor, but she denied positively that anything of the kind occurred. It seems to us so very unlikely that the jury would have disregarded the positive testimony of the prosecutrix that the only intercourse was on July 8th; and would also have disregarded the positive testimony of appellant that no such act of intercourse occurred at any time; and that the jury would have presumed, in the face of all the testimony on that point, that the intercourse occurred before June 19th, that we are constrained to hold that it was not necessary for the trial court to have given the charge asked presenting said issue.

We have carefully considered the other grounds contained in this motion for rehearing, but believing that all of them were correctly disposed of in our former opinion, the motion will be overruled.

*Overruled.*