IRA COTTON v. THE STATE.

No. 13290. Delivered October 8, 1930.
Rehearing denied November 26, 1930.
Reported in 32 S. W. (2d) 648.

The opinion states the case.

*J. K. Brim* of Sulphur Springs, *C. A. Sweeton* of Houston and *Crosby & Estes* of Greenville, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for nine years.

The opinion on former appeal is found in 19 S. W., Second Series, at page 319. We deem it unnecessary to again detail the evidence, as the testimony adduced upon the present trial was practically the same as that found in the record on the former appeal. Reference is made to Cotton v. State, supra, for a statement of the evidence. In affirming the case on the original hearing on the former appeal, the evidence was deemed sufficient to sustain the con-

viction. Our examination of the present record has not caused us to reach a different conclusion.

Bills of exception Nos. 1, 3, 4, 9, 10 and 11 complain of the action of the county attorney in asking certain questions which are alleged to have been leading. Nothing is shown in the bills that could have injured appellant or prejudiced his case, and, in the absence of such a showing, the bills fail to show reversible error. Cotton v. State, supra. Moreover, the bills of exception do not affirmatively exclude the idea that under the peculiar circumstances, the court was justified in permitting the state to ask leading questions. Branch's Annotated Penal Code, Section 159.

It appears from bill of exception No. 6 that counsel for the state propounded to the witness J. C. Smith the following question: "Look at me, and listen to me; isn't it a fact that you first told it to Joe Humphreys and Claud Branch, two men there in Greenville who specialize in getting testimony?" Appellant objected to the question on the ground that there was not a "line of testimony to that effect." The objection was overruled and the witness answered that he had talked to said parties. What the witness told Joe Humphreys and Claud Branch is not shown in the bill of exception. The connection of Humphreys and Branch with appellant or his case is not disclosed. Hence we are unable to appraise appellant's complaint.

Bill of exception No. 7, as qualified by the court, shows that the county attorney asked appellant, while he was testifying as a witness in his own behalf, if he had not paid a fine in Hopkins County for carrying the pistol with which the injured party was shot. Appellant objected to the question on the ground that it was immaterial and prejudicial. The court sustained the objection and the question was not answered. Appellant took his bill of exception to the asking of the question by the county attorney. The court promptly instructed the jury not to consider the question for any purpose. In addition, he gave a written charge to the jury to the effect that the question should not be considered for any purpose. Appellant admitted that he had carried the pistol in question in Hopkins County on the occasion of making a trip from his farm to Sulphur Springs, such testimony being elicited by appellant's counsel. The circumstances under which he carried the gun from his farm to Sulphur Springs, in so far as the record reflects the matter, would have justified a conviction for unlawfully carrying a pistol. The opinion is expressed that, under the facts, the prompt action

of the court in instructing the jury to disregard the question saved appellant from harm. Nichols v. State, 238 S. W. 232; Miller v. State, 21 S. W. 925; Johnson v. State, 20 S. W. (2d) 1065, Opinion on Motion for Rehearing.

Appellant timely and properly objected to the charge covering his affirmative defense on the ground that it placed a greater burden on him than the law authorized, and required the jury to believe his defense beyond a reasonable doubt before he could be acquitted, and further it required him to prove that he did not shoot the injured party before he was entitled to an acquittal. The charge does not appear to be subject to the criticism appellant makes. The jury were instructed, as to appellant's affirmative defense, as follows:

"If you believe at the time and place set forth in the indictment that the witness Liston Scroggins shot himself; or, if you believe that the pistol was accidently fired, thereby shooting the said Liston Scroggins; or if you have a reasonable doubt on either of these issues you will acquit the defendant."

In connection with the foregoing charge, appellant's requested instruction was submitted to the jury. We quote the charge contained therein as follows:

"You are further instructed that if you have a reasonable doubt as to whether the pistol was accidently discharged by the alleged injured party or was fired by the defendant you will acquit the defendant."

We are unable to reach the conclusion that the objection was well taken. The opinion is expressed that the court's charge and the requested instruction adequately presented appellant's affirmative defense.

The court's charge on circumstantial evidence appears to be in the form many times approved by this court. We deem it sufficient.

Appellant testified that he had theretofore been convicted of the offense of assault with intent to murder. The court limited the effect of the testimony showing a conviction for another and separate offense to the purpose of impeachment, advising the jury that said testimony was permitted to be introduced for the sole purpose of assisting them, if it did, in passing upon the credibility of appellant as a witness. They were further advised that they must not consider such testimony for any other purpose. Appellant objected to the court's charge on the ground that the jury were not advised as to the purpose for which said testimony was admitted, and on the further ground that the charge was upon the weight of the tes-

timony. In what respect the charge was upon the weight of the testimony, we are not advised by appellant's objection. Our statute provides that before the charge is read to the jury defendant shall present his objections in writing, distinctly specifying each ground of objection. Art. 658, C. C. P. While no form of objection is prescribed, under the statute a general objection is not ordinarily sufficient to bring in review the action of the trial court in refusing to amend the charge. In Gill v. State, 208 S. W. 926 it was held that the general objection that the charge in question was on the weight of the evidence was insufficient, when considered in connection with the charge, to make reasonably apparent to the trial judge the faults of which complaint was made. Considering appellant's objection in connection with the charge, we are of the opinion that it was not sufficient.

We have carefully examined all of appellant's contentions and fail to find reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The most careful examination of the record in connection with the appellant's motion for rehearing of which we are capable leads us to the conclusion that the correct disposition of the appeal is reflected by the original opinion.

The motion is overruled.

*Overruled.*

HAWKINS, J., absent.