## JIM DeHART v. THE STATE.

No. 14175. Delivered March 4, 1931.

The opinion states the case.

*Callaway & Callaway,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

It is stated in the recognizance that appellant "stands charged in this court with the offense of unlawful possession of intoxicating liquors," and that he "has been convicted in this court of the offense of unlawful possession of intoxicating liquors." There is no such offense known to our statute. Unless appellant possessed the intoxicating liquor for the purpose of sale, his possession thereof did not offend against the laws of Texas. (Rev. St., Sec. 5075). Moore v. State, 112 Texas Crim. Rep., 142, 15 S. W. (2d) 617. The recognizance is fatally defective in failing to show that appellant has been convicted of an offense. When the accused is at large, this court is without jurisdiction in the absence of a proper recognizance or appeal bond. Moore v. State, supra, and authorities cited.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Hawkins, J., not sitting.