GUS BURROWS V. THE STATE

No. 17516.  Delivered April 17, 1935.

The opinion states the case.

*Thomas & McDonald,* of Big Spring, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft; the punishment, confinement in the penitentiary for two years.

The State relied upon circumstantial evidence to show that appellant stole a trailer and four hundred pounds of seed cotton from Luther Poe.

Appellant did not testify in his own behalf. According to the version of his wife, appellant was at home on the occasion it was alleged that the property was stolen.

The proof on the part of the State showed that the theft was committed on the night of September 11, 1934. Upon cross-examination the State asked appellant's wife if she had not stated to A. J. Merrick, an officer, that she did not know where her husband was on the night of September 11, 1934.

She answered in the negative. The State then called Merrick, who testified that she made such statement to him shortly after the theft. In attempting to limit the impeaching testimony the court charged the jury as follows: "You are further instructed that the testimony of the witnesses Mrs. Gus Burrows, and A. J. Merrick, concerning what she did or did not tell A. J. Merrick concerning her husband's whereabouts on the night of September 11, 1934, you are to consider only for the limited purpose of impeachment and you are not to consider said testimony for any other purpose whatever."

Appellant excepted to the foregoing charge as being upon the weight of the evidence. In failing to respond to the exception we think the trial judge fell into reversible error. In Moore v. State, 281 S. W., 1080, Mrs. Moore was a material witness for her husband. The State sought to impeach her by showing that she had made a statement inconsistent with her testimony given upon the trial. In an effort to limit the impeaching testimony, the court charged the jury as follows: "The testimony of the witnesses John Fleming and Dolph Dunham relative to a conversation with Mrs. Lillie Moore at John Morris' house was admitted solely for the purpose of impeaching said Mrs. Moore as a witness, and, if you consider such testimony at all, it must be considered for the purpose for which it was so admitted, and none other."

The charge was objected to upon the ground that it was upon the weight of the evidence. In reaching the conclusion that the exception was well taken and that the failure to respond thereto constituted reversible error, this court, speaking through Judge Hawkins, used language as follows: "It must be borne in mind that the wife was the only witness whose evidence raised any defensive issue whatever, and that going only to the extent of raising the issue of manslaughter as a defense to murder; hence the importance that a charge touching her testimony be so worded as not to be upon the weight of the evidence. It must further be remembered that she denied the conversation affirmed by Dunham and Fleming. This raised an issue of fact. It should have been left to the jury to find whether she made the statement attributed to her by the two witnesses, and then also to determine under appropriate instructions, if she did make it, whether it affected her credibility. It is contended that the charge given upon the subject violated both rules, in that it assumed she did have the conversation, and also told the jury that the effect of her statement was to discredit her as a witness. In support of his position

appellant cites many authorities. See Stull v. State, 84 S. W., 1059, 47 Texas Crim. Rep., 547; McCleary v. State, 122 S. W., 26, 57 Texas Crim. Rep., 139; Cavaness v. State, 74 S. W., 908, 45 Texas Crim. Rep., 209; Taylor v. State, 100 S. W., 393, 50 Texas Crim. Rep., 560; Counts v. State, 94 S. W., 220, 49 Texas Crim. Rep., 329. The charge condemned in Counts' case is very similar to the one now under consideration. After reciting the impeaching evidence, it says this 'was offered and admitted before you for the purpose only of impeaching the defendant as a witness in this case, and you will consider said evidence for the purpose for which it was admitted before you and for no other purpose.' This charge was held to be on the weight of the evidence. The only difference we observe between that and the present charge is that here the court left it optional with the jury whether they would consider the impeaching evidence, but inadvertently fell in the error of telling them, if they did consider it, the effect would be to impeach Mrs. Moore instead of wording the charge in such manner as left the jury free to say whether in their judgment it did affect her credibility. The charge affected a witness whose evidence was vital."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.