ELI MYRES V. THE STATE.

No. 17665.   Delivered June 19, 1935.
Appeal Reinstated October 30, 1935.
Rehearing Denied December 4, 1935.

The opinion states the case.

*R. H. Hopkins,* of Denton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for rape; punishment, five years in the penitentiary.

We are confronted at the threshold of this case with a defective caption in the transcript. The caption states that at a regular term of the district court begun and holden within and for the County of Denton, and State of Texas, on the 26th day of February, 1934, and which adjourned on the 21st day of April, 1934, the following cause came on for trial, etc. The entire proceedings in the transcript show that the cause was tried at the December Term of the Court.

For the defect mentioned, the appeal will be dismissed.

ON APPELLANT'S MOTION TO REINSTATE APPEAL.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

The indictment charged rape by force. Eva Rayborn, prosecutrix, was a student in Teachers College at Denton. On the night of the 7th of February, 1934, she was returning from the college library when appellant drove up in his auto-

mobile and asked her if he could take her home. According to her testimony, she advised him that she would walk. However, he insisted on taking her home, and she finally got into the car with him. Instead of taking her home, appellant drove some distance away to some woods and assaulted her. She testified that she fought appellant and resisted until she was weak. He finally succeeded in accomplishing his purpose. When appellant was taking her back to town she jumped out of the car and ran into a nearby house. As soon as she reached her boarding house she reported the matter. Witnesses, testified to the fact that prosecutrix, when she reached her boarding house, was nervous and highly excited and that she told them what had occurred. A physician, who examined prosecutrix shortly after the occurrence, gave testimony corroborative of the fact that her female organ had been penetrated.

Testifying in his own behalf, appellant admitted that he had intercourse with prosecutrix, but declared that it was with her consent.

We deem it unnecessary to set out in further detail the testimony adduced upon the trial. We are of the opinion that the evidence is sufficient to sustain the conviction.

Bill of exception No. 1 relates to the action of the trial court in overruling appellant's subsequent application for a continuance. It is averred in the application that the absent witness would testify that about three weeks prior to the alleged rape he, the prosecuting witness, another girl, and appellant rode together in a Ford coupe and that prosecutrix sat in the lap of the witness. Appellant failed to attach the affidavit of the absent witness to his motion for a new trial. We think the trial court was warranted in concluding that the materiality of the absent witness was not such as that, if true, it would likely produce a different result upon another trial. We quote from Wiley v. State, 36 S. W. (2d) 495, as follows: "We are of opinion that the rule laid down in this regard by our predecessors should be adhered to by us, and that when an application for continuance is overruled, and the fact of such refusal is made a part of the ground of the motion for new trial, that such new trial should not be granted unless this court, reviewing the case within its appellate jurisdiction, is satisfied that the action of the trial court in the overruling of such motion for a new trial amounted to an abuse of his discretion in determining in the first instance that, had the absent testimony been present on the trial, no different result would have been likely."

Bill of exception No. 1-A is concerned with appellant's objection to testimony on the part of prosecutrix that she had transferred from Teachers College to College of Industrial Arts because of the fact that she did not have sufficient funds to pay her transportation from her boarding house to the Teachers College. We find nothing in the bill of exception showing that the testimony in question was not material. Hence error is not reflected.

Several bills of exception relate to appellant's objection to proof on the part of the State that the general reputation of prosecutrix for virtue and chastity was good. In his testimony appellant questioned the chastity of prosecutrix. Hence the State had the right to prove that her general reputation in the respect mentioned was good. Bedgood v. State, 3 S. W. (2d) 99; Boatwright v. State, 249 S. W., 1075; Brooks v. State, 227 S. W., 673.

There are other bills of exception which we have not undertaken to discuss. However, they have been carefully examined and are not thought to present reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING

MORROW, PRESIDING JUDGE.—Appellant complains of the failure of the appellate court to pass upon the third paragraph of his motion for new trial in which he sought to present the question of expert testimony. The matter was not overlooked in the original opinion but was regarded as one in which the ruling of the trial court presented no error.

The motion for hearing is overruled.

*Overruled.*