Herman CHOICE, Appellant,

v.

The STATE of Texas, Appellee.

No. 28513.

Court of Criminal Appeals of Texas.

Nov. 7, 1956.

On Motion to Reinstate Appeal
Feb. 6, 1957.

Fowler & Tunnell, by Byron M. Tunnell, Tyler, for appellant.

Harry Loftis, Criminal Dist. Atty., Weldon G. Holcomb, and T. Alex Beall, Asst. Criminal Dist. Attys., Tyler, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is the possession of whisky in a dry area for the purpose of sale; the punishment, one year.

The record contains no recognizance or appeal bond and shows that appellant has been enlarged pending the appeal.

The minutes of the court which appear in the transcript, suggesting that recognizance may have been entered into, are not sufficient. Bell v. State, 137 Tex.Cr.R. 128, 128 S.W.2d 812; Therrell v. State, 161 Tex.Cr.R. 617, 279 S.W.2d 879; and Reid v. State, Tex.Cr.App., 289 S.W.2d 237.

In the absence of a recognizance or bond substantially in the form prescribed by Article 831, Vernon's Ann.C.C.P., and the record showing that appellant is not confined in jail, we are without jurisdiction to enter any order other than to dismiss the appeal. DeHart v. State, 117 Tex.Cr.R. 176, 36 S.W.2d 168, and Jones v. State, 159 Tex.Cr.R. 314, 263 S.W.2d 780.

The appeal is dismissed.

On Appellant's Motion to Reinstate Appeal

BELCHER, Commissioner.

The record has now been perfected and the case is properly before this court for consideration.

The conviction is for the unlawful possession of whiskey in a dry area with two prior convictions for offenses of like character alleged for the purpose of enhancement.

The disposition hereof makes it unnecessary to discuss the testimony.

The complaint and information alleged the primary offenses to have been committed on or about June 18, 1955, and further alleged that in 1954 and 1955, he was in each instance convicted of an offense of like character.

By formal Bill of Exception No. 13, appellant insists that the trial court erred in its charge wherein it undertook to instruct the jury as to the consideration to be given the prior convictions in connection with the primary offense. Such portion of the charge is as follows: "Evidence has been admitted before you of convictions allegedly had in the County Court of Smith County, Texas. This evidence is admissible only *for the purpose of enhancing the penalty in the present case* for which the defendant is on trial and cannot be considered by you for any other purpose."

To which instruction the appellant timely objected on the ground that it was a comment upon the weight of the evidence.

An issue of whether any whiskey was possessed by the appellant as alleged in charging the primary offense was plainly made by his denial of its possession, ownership, or any knowledge thereof while testifying in his own behalf.

The court did not preface the charge complained of with the instruction that in the event they found beyond a reasonable doubt that the accused was guilty of the offense presently charged, and also that prior to its commission, if they so found, he was convicted of the prior offenses alleged, then they could consider said prior convictions, if they considered them at all, for the purpose only of enhancing the punishment.

The above quoted charge amounts to a statement by the court of a material fact in dispute, that is, it assumes the guilt of the appellant of the primary offense and constitutes a comment upon the weight of the evidence which is prejudicial to the appellant. The expression of any opinion by the trial judge as to the weight of the evidence is prohibited by the terms of Art. 658, Vernon's Ann.C.C.P.

Forms of charges not assuming the guilt of the accused of the primary offense when prior convictions are submitted for the purpose of enhancing the punishment are found in 1 Branch's Ann.P.C., 2nd Ed., 688, Sec. 700.1 and Erisman's Manual of Reversible Errors, p. 875, Sec. 715.

Appellant's motion to reinstate the appeal is granted, and for the error pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.