REYNALDO ALFREDO CAMPOS V. STATE

No. 34,170.  February 7, 1962
Motion for Rehearing Denied March 21, 1962

*Harold D. Sanderson* and *Wayne Bagley*, Amarillo, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is rape by force; the punishment, 99 years.

The undisputed evidence shows that appellant, a 32 year old brother of one of her tenants in an apartment house adjoining her residence, went to the home of the prosecutrix, a 61 year old widow, about 11:30 P.M. and said he wanted to make a telephone call; that he made advances toward her and she scratched his face and screamed until he prevented her from doing so by putting his hand over her mouth; that after she fell or was pushed onto the floor of her bedroom, appellant attempted to have sexual relations with her, and did soon thereafter accomplish his purpose on the bed.

The prosecutrix testified that appellant sprang at her, forced her into the bedroom and onto the floor, removed her underclothes and opened his trousers; that he jerked her to her feet; pushed her on the bed, and that she resisted throughout with all the strength she had.

Appellant testified that he put his arm around the waist of the prosecutrix as she stood at her bedroom door; that she screamed, put her hand on his face and scratched him; that she fell on the floor of the bedroom; it scared him when she screamed and he put his hand over her mouth as she started to fall so she wouldn't scream, and she quit. It was his testimony that thereafter she did not resist but suggested that they get on the bed, and "seemed to be pretty willing" to the intercourse.

Immediately upon getting out of the room the prosecutrix went to a neighbor's home and calling her, said: "Lois, Lois, let me in quick. I have been raped." We find no error in the admission of the testimony of the prosecutrix as to such outcry or report. Torbert v. State, 166 Texas Cr. Rep. 311, 313 S.W. 2d 303.

Also, the neighbor testified to the same facts without objection.

We find the evidence sufficient to sustain the conviction and do not deem it necessary to set out the testimony corroborating the testimony of the prosecutrix.

We see no error in the admission of the prosecutrix' testimony that she was a widow. If there was, the question was asked and answered before any objection was made and there was no request that the evidence be withdrawn. James v. State, 169 Texas Cr. Rep. 526, 335 S.W. 2d 603.

The admission of the testimony of the prosecutrix that appellant was trying to sexually attack her and that he had enormous strength and she had none does not present reversible error under the record.

The testimony as to the general reputation for virtue and chastity of the prosecutrix, offered after appellant had testified that she did not resist but in effect consented, was properly admitted. Myres v. State, 129 Texas Cr. Rep. 468, 88 S.W. 2d 109; Warren v. State, 54 Texas Cr. Rep. 443, 114 S.W. 380; Holland v. State, 60 Texas Cr. Rep. 117, 131 S.W. 563; 4 Branch's Ann. P.C. 2d Ed., 286, Sec. 1960.

No error is shown in the admission of the evidence obtained as a result of the search of the apartment. As has been stated, appellant was not a tenant and the apartment house belonged to the prosecutrix who authorized the search. In addition, appellant testified to the same facts shown by the testimony to which he objected.

Several claims for reversal relate to the court's charge. One complains that the jury was not instructed that there must be resistance upon the part of Mrs. Evans.

The charge contains the following: "Before you can convict the defendant of the alleged offense, you must believe from the evidence beyond a reasonable doubt that Mrs. J. E. Evans not only did not consent, *but that she put forth her utmost resistance,* using every exertion in her power to prevent the defendant from having sexual intercourse with her, considering the relative size and strength of the parties and conditions surrounding them at the time and all other circumstances in the case, and unless

you so find and believe from the evidence beyond a reasonable doubt, you will find the defendant not guilty, * * *."

The next complaint is that in Paragraph 1 the court instructed the jury that the slightest penetration of the body of the female by the sexual organ of the male is sufficient "for proof of rape by force".

We do not agree.

The quoted phrase is not found in the charge. The instruction to the effect that the slightest penetration was sufficient was preceded by the instruction that the force used, if any, must have been such as might reasonably be supposed sufficient to overcome resistance "and the penetration of the sexual organ of the said Mrs. J. E. Evans by the male organ of the defendant must be proved beyond a reasonable doubt."

Objection was made that the court, in Paragraph 4, commented on the weight of the evidence. This objection was too indefinite. Cage v. State, 167 Texas Cr. Rep. 355, 320 S.W. 2d 364. Also, the language of the charge pointed out in the brief does not constitute such a comment.

We overrule the contention that in said Paragraph 4 the burden of proof was placed upon the defendant.

The supplemental transcript contains several formal bills of exception, filed with the clerk of the trial court, all of which were returned with the refusal of the trial judge noted thereon within the time allowed by Art. 760d V.A.C.C.P. Appellant did not agree with the reasons assigned by the trial judge and note such fact on the bills, and no bystanders bills were filed, hence the refused bills present nothing for review. The bills have, however, been examined and we have observed no error which would call for reversal.

The judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

McDONALD, Judge.

Appellant takes us to task for not mentioning, in our original opinion, his contention that the trial judge committed re-

versible error in making comments upon the weight of the evidence.

He raises this contention by formal and informal bills of exception.

Presiding Judge Woodley, in the opinion of February 7, 1962, held, and set forth the reasons as to why, the formal bills presented nothing for review. With that holding we still adhere.

The informal bill has been examined and we find no reversible error therein.

Appellant reurges certain points of error that were answered in our original opinion and we do not deem it necessary to discuss them further.

Remaining contentions of appellant are overruled and the motion for rehearing is denied.