**Lloyd Burnett COLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 34903.**

Court of Criminal Appeals of Texas.

Oct. 31, 1962.

On Motion to Reinstate Appeal Dec. 5, 1962.

Baker, Callahan & Brady by Andrew Z. Baker, Galveston, for appellant.

Jules Damiani, Jr., Dist. Atty., R. J. Bernse, Sr., Asst. Dist. Atty., Galveston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is drunk driving; the punishment, 3 days in jail and a fine of $50.

The transcript contains no bond or recognizance substantially in the form required by statute, and appellant not being in jail, this Court is without jurisdiction to enter any order except to dismiss the appeal. Arts. 830–831, Vernon's Ann. C.C.P.; Therrell v. State, 161 Tex.Cr.R. 617, 279 S.W.2d 879; Choice v. State, 164 Tex.Cr.R. 224, 298 S.W.2d 148 and cases there cited.

The appeal is dismissed.

On Motion to Reinstate Appeal

BELCHER, Commissioner.

The record having been perfected the motion to reinstate is granted.

No statement of facts accompanies the record.

Appellant presents only one formal bill of exception. He complains therein of the trial court permitting the arresting officer to testify in rebuttal that he knew that the time of appellant's arrest was 11:20 P.M. because he noted that time on the ticket, and that it was not around 9:45 to 10 P.M., as the appellant had previously testified. Error is urged on the ground that the witnesses had been placed under the rule, but the officer had sat in the court room while the appellant was testifying, although his services in connection with the court were not necessary; and that the ticket was hearsay evidence.

There is no certification in the bill that no other evidence was introduced upon the trial pertaining to the time and the

ticket. Hence the bill cannot be appraised in the absence of a statement of facts. 5 Tex.Jur.2d 254, Sec. 161.

The judgment is affirmed.

Opinion approved by the Court.