**Johnnie Thomas JAMES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40312.**

Court of Criminal Appeals of Texas.

May 3, 1967.

On Rehearing June 28, 1967.

Rehearing Denied Oct. 4, 1967.

C. A. Droby, Jim Martin, Dallas, Emmett Colvin, Jr., Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., Douglas Mulder and James M. Williamson, Asst. District Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is fondling; the punishment, 25 years.

Trial was had and notice of appeal given subsequent to January 1, 1966.

In his brief filed in the trial court appellant first contends that it was reversible error for the trial court to allow testimony of extraneous offenses committed by appellant against those other than the prosecuting witness.

Two sisters of the prosecuting witness testified that appellant committed acts

of fondling on them in his home on the same occasion as the offense charged in the indictment. The separate acts were committed in the presence of the prosecuting witness and one or the other sister, though committed in a bedroom with the door closed while the others were in the living room. This testimony was admissible as part of the res gestae. Tennel v. State, 78 Tex.Cr.R. 400, 181 S.W. 458; Bowles v. State, 156 Tex.Cr.R. 548, 244 S.W.2d 811; Gephart v. State, 157 Tex.Cr.R. 414, 249 S.W.2d 612; Botello v. State, 161 Tex. Cr.R. 207, 275 S.W.2d 814; Bills v. State, 168 Tex.Cr.R. 369, 327 S.W.2d 751.

■ A sister of the prosecuting witness testified that appellant had committed acts of fondling her in his home, when the prosecuting witness and a brother were present, two days prior to the act charged in the indictment. Such testimony was admissible to show the probability of the charged act and the unnaturalness of the accused's attitude toward the victims of his lust. Lozano v. State, 159 Tex.Cr.R. 613, 266 S.W.2d 147; Smith v. State, 170 Tex. Cr.R. 518, 342 S.W.2d 445.

Appellant contends that the charge to the jury with regard to the testimony of extraneous offenses was a comment on the weight of the evidence; the court charged the jury as follows:

"You are instructed as part of the law in this case, that the testimony of Brenna _____ and Barbara _____ concerning acts other than the one for which the defendant is on trial was admitted into evidence.

You are instructed that you may consider this testimony and these other acts in determining whether or not the act charged in the indictment occurred. You are charged that you may consider these other acts to determine the unnaturalness and lascivious intent, if any, of the defendant Johnnie Thomas James, at the time and place charged in the indictment."

The appellant objected to the quoted charge as follows:

"Comes now the defendant and further objects and excepts to the court's charge with particular regard to that portion of the charge as to the testimony of Brenna _____ and Barbara _____ concerning the acts other than the one for which the said defendant is on trial, in that such portion of the court's charge, encompassed in two paragraphs of said charge, in that the same constitutes a comment upon the weight of the evidence through the prejudice of the defendant."

■ The quoted charge assumes that the appellant did in fact commit the acts which were of a like nature to the one charged, and constitutes a comment upon the weight of the evidence. There was an issue of whether the other acts did in fact occur because appellant in his testimony denied ever having committed such acts. The expression of opinion by the trial court on the weight of the evidence is prohibited by Article 36.14, Vernon's Ann.C.C.P., and the objection on that ground was sufficient. Burrows v. State, 128 Tex.Cr.R. 349, 81 S.W.2d 523; Choice v. State, 164 Tex.Cr.R. 224, 298 S.W.2d 148; Erisman's Manual of Reversible Errors, Sec. 713.

The judgment is reversed and the cause is remanded.

## OPINION

## ON STATE'S MOTION FOR RE-HEARING

WOODLEY, Presiding Judge.

On original submission we cited Choice v. State, 164 Tex.Cr.R. 224, 298 S.W.2d 148, and Burrows v. State, 128 Tex.Cr.R. 349, 81 S.W.2d 523, as authority for holding that an objection to a portion of the court's charge on the ground that it was a comment upon the weight of the evidence complies with the requirement that the defendant or his counsel shall present his objections to

the charge "in writing distinctly specifying each ground of objection."

A reading of the opinions in these cases will reveal that the sufficiency of the objection to the charge was not considered or discussed and they are not authority for the holding that the objection in the case before us set out in our original opinion herein was sufficient. See Ernster v. State, 165 Tex.Cr.R. 422, 308 S.W.2d 33.

Authorities wherein an objection that a portion of the court's charge was upon the weight of the evidence was considered and held insufficient include the following: Gill v. State, 84 Tex.Cr.R. 531, 208 S.W. 926; Cage v. State, 167 Tex.Cr.R. 355, 320 S.W. 2d 364; Campos v. State, 172 Tex.Cr.R. 179, 356 S.W.2d 317; Rymer v. State, 171 Tex.Cr.R. 656, 353 S.W.2d 35; Cotton v. State, 116 Tex.Cr.R. 36, 32 S.W.2d 648; Davis v. State, 165 Tex.Cr.R. 294, 306 S. W.2d 353.

Insofar as the opinion in Choice v. State or Burrows v. State, supra, may be construed as in conflict with these authorities such opinion is overruled.

█ The requirements of Art. 36.14 (formerly Art. 658) Vernon's Ann.C.C.P. that the objections to the court's charge shall distinctly specify each ground of objection is mandatory. Cedillo v. State, 165 Tex.Cr.R. 371, 307 S.W.2d 267.

█ The State's motion for rehearing is granted; the order reversing the conviction is set aside and the judgment is affirmed.

## DISSENTING OPINION

ONION, Judge.

The question here presented is whether appellant's objection to the court's charge constituted a substantial compliance with the requirements of Article 36.14, V.A.C.C. P. This Court on original submission concluded that the defect in the charge should

have been reasonably apparent to the experienced trial judge when the charge complained of and the objection thereto were considered together. The error in the charge is patent on its face particularly when attention is directed to the two paragraphs involved with the observation that the charge constitutes a comment on the weight of the evidence.

The requirement of Article 36.14, supra, that the defendant or his counsel shall present his objection to the charge "in writing distinctly specifying each ground of objection" has been the law of this State since 1913. Acts 1913, 33rd Legislature, p. 278, Chapter 138, Section 1 (codified as Article 735, C.C.P., 1911). See Article 658, C.C.P., 1925, as amended by Acts 1931, 42nd Legislature, p. 65, Chapter 43, Section 5, and Acts 1953, 53rd Legislature, p. 486, Chapter 172. Article 658, supra, subsequently became Article 36.14 in the 1965 revision of the Code of Criminal Procedure.

The real purpose of the enactment of this Article was to enable the trial judge to know in what respect the defendant regards the charge as defective and to afford him an opportunity to correct it before reading the charge to the jury. The Article serves a salutary purpose in preventing the trial judge from being "sand-bagged" and in preventing unnecessary reversals. It was not designed or intended, however, as a device to prevent fair consideration on appeal of every overruled objection to the charge by allowing the appellate court to find every such objection did not "distinctly specify".

It is clear from a study of the history of the statute that no particular form of objection has ever been prescribed. While a general objection is not *ordinarily* sufficient to bring in review the action of the trial court in refusing to amend the charge, the test applied to *any* objection made is whether or not the objection is sufficiently definite to make reasonably apparent to the trial judge the fault complained of when the charge complained of and the objection

are considered together. Wiley v. State, 117 Tex.Cr.R. 449, 36 S.W.2d 495; Gill v. State, 84 Tex.Cr.R. 531, 208 S.W. 926. If it is so reasonably apparent to the judge then there has been a substantial compliance with the statute. Gill v. State, supra.

When the accepted test is applied to the case at bar, it seems clear that it should have been reasonably apparent to the trial judge who had heard the facts just what defect that the appellant was objecting to. The objection, while certainly by no means a model one, did direct the Court's attention to the only two paragraphs of the Court's charge dealing with the testimony of the two sisters and did point out that the same constituted comment on the weight of the evidence.

As can readily be seen from a review of the two paragraphs, the charge, particularly in light of the objection made, singled out the evidence of the "other acts", assumed that they did in fact occur and passed this assumption along to the jury as the Court's own observation. The charge of the Court should never assume the truth of any controverted issue of fact.

In Lankford v. State, 93 Tex.Cr.R. 442, 248 S.W. 389, this Court, speaking through Judge Lattimore, said:

"It is the settled law in this state that when evidence of collateral crimes is introduced for one of the various purposes for which such evidence becomes admissible, the jury should be instructed that they cannot consider against the defendant such collateral crimes, unless it has been shown to their satisfaction that the accused is guilty thereof. * * * and the jury should have been told that they could not consider as a guilty circumstance appellant's selling intoxicating liquor in violation of law on the dates named, unless such guilt was shown by legal evidence beyond a reasonable doubt."

See Miller v. State, 122 Tex.Cr.R. 59, 53 S.W.2d 790, 791; Nichols v. State, 138 Tex.Cr.R. 324, 136 S.W.2d 221; Vaughn v. State, 135 Tex.Cr.R. 205, 118 S.W.2d 312.

While it would have perhaps been desirable if the appellant had tendered to the trial court a special requested charge on this matter, similar to the one set forth in Willson's Criminal Forms, 7th Ed., Sec. 3601, p. 596, or McClung, Jury Charges for Texas Criminal Practice, 1964, p. 207, it should be borne in mind that since the 1953 amendment to Article 658, supra (now Article 36.14, V.A.C.C.P.), it is not necessary for the defendant or his counsel to present special requested charges to preserve or maintain any error assigned to the charge.

This Court should never overlook the practical fact that objections to charges are often made under the stress and strain of trial with admonishments of the Court to "move along" and to avoid any unnecessary delay. Further, written objections are often hurriedly drafted only after oral presentation to the Court of the defendant's contentions concerning the charge and it becomes clear from the discussion with the Court and the prosecutor that the charge will not be amended in accordance with the defense counsel's requests or suggestions.

Each case must be tested in a measure by its own facts, the charge given and the objection thereto. The fact that this Court has on a number of occasions considered objections to the charge as being upon the weight of evidence and found them insufficient cannot be controlling here.

In none of the cases cited by the majority is both the charge complained of and the objection set out in the opinion as in the case at bar. In none of the cases so cited was the charge found to be erroneous or improper, though it is acknowledged that error in the charge will not save an otherwise insufficient objection.

In James v. State, 86 Tex.Cr.R. 598, 219 S.W. 202, this Court, in construing the language of the statute with which we are

here concerned, and which has remained unchanged since its original enactment, said:

"In writing the statute (Article 735, C.C. P.) the Legislature had in mind that the objections to the charge would be passed upon by the trial judge acquainted with the facts of the case and the law applicable thereto and the terms in which the charge prepared by him was framed. The objects sought were to let the trial judge know in what respect the accused regarded the charge as faulty, to afford opportunity to correct it, and to make unavailable to the accused objections to the charge not made at the trial. These in the instant case, we think, were satisfied. The particular paragraph of the charge was pointed out, and the objection thereto distinctly specified within the meaning of the statute. Clarendon [Land, Investment & Agency Co.] v. McClelland, 86 Tex. [179,] 192, 23 S.W. 576, 1100, 22 L.R.A. 105, and annotations thereof in 4 Rose's Notes on Texas Reports, p. 494. *The statute should not be given a construction so technical as to deny the right of review on appeal, where a substantial compliance is shown and its end practically accomplished.* [Chicago, R. I. & G.] Railway v. Pemberton, 106 Tex. [463,] 466, 161 S.W. 2, 168 S.W. 126." (emphasis supplied)

To hold the objection here in question insufficient, in light of the record before us, is to give to Article 36.14, supra, a more restrictive effect than is warranted by its language.

Since the "other acts" were admissible as a part of the res gestae, the Court could have properly refused a request for an instruction limiting the evidence of other offenses. See Martinez v. State, 157 Tex. Cr.R. 603, 252 S.W.2d 186, and authorities cited therein. Having, however, decided to so charge the jury and single out such other acts, the trial court should have responded to the objection made that his charge was a comment on the weight of the

evidence. The fact that the appellant was harmed by the Court's action in assuming his guilt of the "other acts" is evidenced by the maximum penalty imposed by the jury.

Judge MORRISON and I respectfully dissent.