Camilo ROMERO, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–392–CR.

Court of Appeals of Texas, Corpus Christi.

June 17, 1982.

Lola L. Bonner, Rockport, for appellant.

Joel B. Johnson, Asst. Dist. Atty., Tom Bridges, Dist. Atty., Sinton, for appellee.

Before NYE, C. J., and YOUNG and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction of rape. Tex.Penal Code Ann. § 21.02 (Vernon 1974). Trial was before a jury. Punishment was assessed by the jury at ten years' confinement in the Texas Department of Corrections and a fine of $10,-000.00. Upon the jury's recommendation, imposition of the sentence was probated for ten years.

The appellant was convicted for the rape of E_____ D_____, who was sixty-seven years old at the time of trial. The offense occurred in the victim's trailer home in Fulton, Texas, on September 29, 1980. The sufficiency of the evidence to sustain the conviction is not challenged on appeal.

The appellant's first three grounds of error complain of several "Have you heard" questions propounded to the appellant's wife by the State's attorney. The appellant contends that the questions were improper because his wife was not a reputation witness and because there was no evidence

that the convictions referred to were final convictions.

During the punishment phase of the trial, the appellant's wife testified on direct examination by defense counsel that to her knowledge the appellant had never been convicted of a single crime. On cross-examination by the State, the following transpired:

"Q: All right. And your testimony also was that to your knowledge the Defendant had never been convicted—

A: Right, sir.

Q: —of any crime?

A: That I know of, no.

Q: All right. Had you heard that he was convicted of the offense of assault on an officer in May of 1978?

A: I can't recall it, sir.

Q: All right. Had you heard that he was charged and convicted of the offense of resisting arrest in May of 1978?

A: I can't remember, sir.

Q: Okay. And further had you heard that he was convicted of the offense of public intoxication in July of 1979? Have you heard that?

A: I remember him being—telling me something about public intoxication, but I don't remember too well on it, sir."

■ The appellant made no objection to the above-quoted questions and answers. Therefore, there is nothing in this regard for review. *Henderson v. State*, 617 S.W.2d 697, 698 (Tex.Cr.App.1981); *Aldrighetti v. State*, 507 S.W.2d 770, 773 (Tex.Cr.App. 1974). Even if a proper objection had been interposed, no reversible error would have been shown. The appellant conveyed to the jury a false impression that he had never been convicted of a crime through the direct testimony of his wife. Having "opened the door" to his criminal record, the appellant was in no position to complain of the extraneous offenses referred to in the State's "Have you heard" questions. *Ex Parte Carter*, 621 S.W.2d 786, 788 (Tex.Cr. App.1981); *Reese v. State*, 531 S.W.2d 638,

641 (Tex.Cr.App.1976). Further, in view of the fact that the jury recommended probation of the appellant's sentence for this brutal crime, any error committed by reference to the appellant's extraneous offenses was harmless.

■ In his fourth ground of error, the appellant contends that the trial court erred "in refusing appellant's request for a special instruction to the jury concerning the weight to be given the testimony of the prosecutrix who was shown by a State's witness to have a bad reputation for truth and veracity." Appellant cites no authority in support of this contention. It is axiomatic that a trial judge is prohibited from commenting on the weight of the evidence, either verbally or in his charge to the jury. *Friga v. State*, 488 S.W.2d 430, 434 (Tex.Cr. App.1973); *Hay v. State*, 472 S.W.2d 157, 161 (Tex.Cr.App.1971); *James v. State*, 418 S.W.2d 513, 514 (Tex.Cr.App.1967); Tex. Code Crim.Pro.Ann. arts. 36.14, 38.05 (Vernon Supp.1982). The requested instruction by the appellant would have been a direct comment on the evidence. It was therefore properly refused.

■ In his fifth ground of error, the appellant contends that the trial court erred in failing to compel the State to produce a handwritten statement of the prosecutrix after she testified and in not abating the trial until the statement was produced. Prior to trial, the State opened its "case file" and made it available to the appellant. His attorney was provided with a typewritten statement that was made up by the prosecutrix shortly after the offense occurred. On cross-examination, the prosecutrix mentioned a handwritten statement she gave to a police detective. When asked about the handwritten statement, she testified that the detective had it typed and that the typewritten statement was precisely the same as the handwritten statement. Both the prosecutrix and the State's attorney, on Bill of Exceptions, testified that they did not know the whereabouts of the handwritten statement. The appellant has failed to establish that the handwritten statement of

the prosecutrix existed at the time the prosecutrix testified and has therefore shown no error in the State's inability to produce it. *See Smith v. State*, 547 S.W.2d 6, 12 (Tex.Cr.App.1977); *Spaulding v. State*, 505 S.W.2d 919, 921 (Tex.Cr.App.1974).

█ The appellant's sixth ground of error contends that the trial court erred in not abating the trial until the investigating officer was available to testify. The officer was not supoenaed by the appellant and was apparently in Austin at the time of trial. Prior to trial, the appellant requested and was granted a three-month continuance to enable him to secure the attendance of an unnamed witness. No other written motion for continuance appears in the record. No error is shown by the court's failure to abate the trial. *Rosales v. State*, 473 S.W.2d 474, 475 (Tex.Cr.App.1971); Tex. Code Crim.Pro.Ann. arts. 29.03, 29.07, 29.08, 29.13 (Vernon 1966).

All of the grounds of error raised by the appellant are overruled. The judgment of the trial court is affirmed.