**Rick Russell KUCHA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–81–128–CR.**

Court of Appeals of Texas, Waco.

Dec. 31, 1981.

Rehearing Denied Feb. 4, 1982.

Discretionary Review Granted May 5, 1982.

Murry B. Cohen, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Ray Elvin Speece, George Lambright, Asst. Dist. Attys., Houston, for appellee.

OPINION

McDONALD, Chief Justice.

Appellant appeals from a conviction for Robbery, enhanced, for which he was sentenced to not less than 5 nor more than 27 years confinement in the Texas Department of Corrections.

Appellant was indicted for aggravated robbery, enhanced by allegation of 2 prior convictions for robbery with firearms alleged to have occurred on the same date. The jury found appellant guilty of the lesser included offense of robbery.

The trial court charged on the punishment stage: "If you believe from the evidence beyond a reasonable doubt that prior to the commission of the offense for which you have found him guilty he was convicted as alleged in the indictment of either of the offenses, that is robbery by firearms in Cause Nos. 177592 or 177594, in Harris County, Texas, on June 15, 1972, you will assess his punishment at confinement in the Texas Department of Corrections at not less than 5 years nor more than 99 years or life, and in addition thereto you may assess a fine not exceeding $10,000".

The range of punishment for robbery is from 2 to 20 years.

The jury found the enhancement paragraph to be true and assessed punishment at 27 years confinement in the Texas Department of Corrections.

Appellant's sole Ground of Error asserts: "The court committed reversible error by giving a charge to the jury at the punishment stage which failed to instruct the jury regarding the entire range of punishment; directed a verdict of 'true' to the enhancement count; constituted a comment on the weight of the evidence; and shifted the burden of proof on the enhancement count to appellant".

Appellant plead "not true" to the enhancement count. Appellant contends the charge assumed the jury would find the enhancement count true because the only

range of punishment contained is that of 5 to 99 years; and that this is error because the court never instructed the jury on the alternative punishment of 2 to 20 years if they found the enhancement count not true.

The record contains no objection to the charge. The complaint is therefore waived and nothing is presented for review. *Jackson v. State,* Tex.Cr.App., 571 S.W.2d 1; *Daniels v. State,* Tex.Cr.App., 527 S.W.2d 549; *Campbell v. State,* Tex.Cr.App., 525 S.W.2d 4; *Dillard v. State,* Tex.Cr.App., 434 S.W.2d 126.

Moreover under the facts no prejudice is shown. *Franklin v. State,* Tex.Cr.App., 607 S.W.2d 574.

Appellant's Ground of Error is overruled.

AFFIRMED.