**Rick Russell KUCHA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 201–82.**

Court of Criminal Appeals of Texas, En Banc.

March 6, 1985.

Murry B. Cohen, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Ray Elvin Speece and George Lambright, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Alfred Walker, First Asst. State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

The question of "fundamental error" is before us yet again. The instant case

presents an instance for application of the principles of fairness espoused in *Almanza v. State*, 686 S.W.2d 157 (delivered February 27, 1985). Appellant was charged by indictment with the offense of aggravated robbery, enhanced under V.T.C.A. Penal Code, Sec. 12.42(b), by allegations of two prior convictions. A jury found appellant guilty of the lesser offense of robbery and assessed punishment at twenty-seven years' confinement.

The Waco court of appeals held that nothing was presented for review because appellant did not object to the charge. See *Kucha v. State*, 627 S.W.2d 238 (Tex.App. —Waco 1981). We granted appellant's petition for discretionary review to consider the court of appeals' holding that the error is not fundamental.

Appellant pled "not true" to the enhancement allegations. The State used a pen packet and a fingerprint expert to prove those allegations. The court charged the jury that:

If you believe from the evidence beyond a reasonable doubt that prior to the commission of the offense for which you have found him guilty he was convicted as alleged in the indictment of either of the offenses; that is, robbery by firearms in cause number 177,592 or 177,594, in Harris County, Texas, on June 15, 1972, you will assess his punishment at confinement in the Texas Department of Corrections at not less than 5 years nor more than 99 years or life, and in addition thereto you may assess a fine not exceeding $10,000.

Appellant contends that the charge is fundamentally defective because it fails to instruct the jury regarding the entire range of punishment, directs a verdict of "true" to the enhancement paragraph, constitutes a comment on the weight of the evidence, and shifts the burden of proof on the enhancement paragraph to appellant.

Appellant's plea of "not true" forced the State to prove the enhancement allegations beyond a reasonable doubt. The charge instructed the jury on the range of punishment if they found the enhancement allegations to be true,[1] but did not instruct them on the range of punishment if they found the same to be untrue.[2]

The verdict form did not specify whether the jury found the allegations to be true or untrue. The form stated:

We, the jury, having found the defendant guilty, assess his punishment at confinement in the Texas Department of Corrections for _____.

■ We agree with appellant that the charge was erroneous because it did not instruct the jury on the range of punishment if they found the enhancement allegations to be untrue. Our next step is to determine if this error is so harmful that appellant has not had a fair and impartial trial. *Almanza*, supra.

■ We will review his contention according to the guidelines and standard set out in *Almanza*, supra,—that is, whether the error was "so egregious and created such harm that [appellant] 'has not had a fair and impartial trial.'" *Almanza* at p. ——. Harm must be determined from the entire record, not only the erroneous charge.

The record of the punishment hearing held before the jury, shows that the State proved, through the use of a pen packet and fingerprint expert, that appellant had been previously convicted. Appellant's sole objection to this proof was that the pen packet was not properly certified and authenticated.

During argument at the punishment stage, appellant's counsel stated:

The Court has charged you [the jury] with what the punishment can be assessed at, five years to ninety-nine years or life. He [appellant] is a second offender. That is to say that he has pleaded guilty to charges, prior to this time, in 1972.

---

1. Not less than 5 years nor more than 99 years or life. V.T.C.A. Penal Code, Sec. 12.42(b).

2. Not less than 2 years nor more than 20 years. V.T.C.A. Penal Code, Sec. 12.32.

Appellant's counsel continued to argue essentially that the jury should give no penalty because the evidence in the case was insufficient to prove that appellant committed a robbery.

The charge must be considered in light of this evidence. The fact of the prior convictions was not a contested issue at all. Appellant's plea of "not true" only put the State to its proof. Considering that the evidence of the prior convictions was undisputed, uncontradicted, and seemed to have been taken almost as a "given" by the parties, we hold that the failure of the court to charge on the range of punishment if the enhancements were found to be untrue, was not so harmful that it deprived appellant of a fair and impartial trial. If the evidence of the prior conviction had not been so strong, or if appellant had contested it in some fashion, this issue would not be so clearcut. But, from the record it appears that all parties, including appellant, assumed the fact of the prior conviction and did not dispute its truth. Also, the prior was proven beyond a reasonable doubt by the State. In light of the record we hold that the error was not fundamental.

We also disagree with appellant that the charge as given instructed a verdict of "true" or constituted a comment on the weight of the evidence. The jury was instructed *"If you believe...."* (emphasis added) either of the enhancement paragraphs to be true you will assess the punishment. Compare *Choice v. State*, 164 Tex.Cr.R. 224, 298 S.W.2d 148 (Tex.Cr.App. 1957) in which the court did not preface the charge with such a phrase. In addition, the defendant in *Choice* timely objected to the charge. The judgment of the court of appeals is affirmed.

ONION, Presiding Judge, concurring.

I concur in the result. I observe that today this Court applies *Almanza* to the instant case, without remand, but, over my dissent, the Court in *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1985), remanded the case to the Ft. Worth Court of Appeals

to apply the rule announced in *Almanza* to *Almanza* itself. The action in *Almanza* was inconsistent with what we do today. We are right today and wrong in *Almanza*.

TEAGUE, Judge, concurring.

Today we witness another startling valid legal reason why this Court should have aborted, rather than to have given birth to, the monster child now known in our legal circles as "Almanza the Terrible." Also see *Almanza v. State*, 686 S.W.2d 157 (Tex. Cr.App.1985), in which a majority of this Court erroneously delivered the monster child, "Almanza the Terrible," into our legal community.

In this instance, without any real legal basis therefor, a majority of this Court holds that although the trial court's final charge to the jury on punishment was erroneous, because it did not instruct the jury on the range of punishment if they found enhancement allegations of the indictment to be untrue, that this error was not so egregious that it deprived appellant of a fair and impartial trial; thus, the majority says that such error was harmless beyond a reasonable doubt to the rights of the appellant.

I disagree, but because of what a majority of this Court stated and held in *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App. 1985), which opinion most certainly did not and does not espouse any principles of fairness to the accused, or to justice in general, as the majority opinion in this cause erroneously asserts, but which opinion to the contrary espouses principles of unfairness when it comes to gauging whether a trial court's final charge to the jury is fundamentally erroneous, I am compelled to agree with the majority opinion that, by applying what was stated and held in *Almanza v. State*, supra, whatever error might have existed in the court's final charge on the issue of punishment in this cause, was harmless to the appellant, as it did not, under *Almanza v. State*, supra, deprive him of a fair and impartial trial.

I mentioned the following in the dissenting opinion that I filed in *Almanza v.*

*State,* supra: "After today, harmless error should prevent even the most egregiously worded jury charge from constituting reversible error." If this majority opinion does not make me a prophet, then the majority opinion that was filed in *Bonfanti v. State,* 686 S.W.2d 149 (Tex.Cr.App.1985), delivered this date, most certainly does.

In *Almanza v. State,* supra, a majority of this Court held that "if no proper objection was made at trial and the accused must claim that the error was 'fundamental,' he will obtain a reversal only if the error is so egregious and created such harm that he 'has not had a fair and impartial trial'—in short 'egregious harm.' In both situations (objected to and unobjected to error), the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole."

In this instance, but by applying the above test from *Almanza v. State,* supra, the majority finds that the error in the punishment charge, which occurred because the trial judge failed to instruct the jury on the range of punishment if they found the enhancement allegations to be untrue, did not deprive appellant of a fair and impartial trial. The jury's verdict reads as follows: "We, the jury, having found the defendant guilty [of the second degree felony offense of robbery], assess his punishment at confinement in the Texas Department of Corrections for 27 years," which range of punishment, of course, fell within the range of punishment specified for a first degree felony offense or a second degree felony offense enhanced by a prior felony conviction, and not a second degree unenhanced felony. See V.T.C.A., Penal Code, Section 12.33. The jury, however, found appellant guilty of the offense of robbery, a second degree felony. Notwithstanding this finding, but in light of what this Court's majority stated and held in *Almanza v. State,* supra, the majority makes it obvious to almost anyone that the error was harmless beyond a reasonable doubt to appellant. I disagree.

In this instance, the jury assessed appellant's punishment at twenty-seven (27) years' confinement in the penitentiary, which means that had the jury found either of the enhancement allegations not true, the maximum possible confinement in the penitentiary would have been only twenty (20) years. The majority appears to reason that even if the jury was not so instructed, and even if the jury verdict form does not so reflect, such error was obviously harmless to the appellant. How can this logically be so?

Perhaps, however, after today, but in light of *Almanza v. State,* supra, and today's decision, some of our trial judges will exhibit and display their resourcefulness and cleverness by conceptionalizing and executing the court's final charge on punishment on nothing larger than the back of a pinhead, in order that a majority of this Court can easily declare in print to the world that because the jury was not given enough information regarding what punishment to assess, but because they did assess a "reasonable" punishment, any error in the charge on punishment must have been harmless to the defendant-beyond a reasonable doubt-because it would be patently obvious to anyone that the jury was not confused in assessing the "reasonable" punishment that it did.