**Affirmed and Opinion on Remand filed July 16, 2019.**



In The

# Fourteenth Court of Appeals

---

NO. 14-15-00498-CR
NO. 14-15-00499-CR

---

**SCOTT NILES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from County Criminal Court at Law No. 14
Harris County, Texas
Trial Court Cause No. 2018917 & 2018918**

---

## OPINION ON REMAND

Appellant was charged by information with two offenses of terroristic threat against a public servant. The jury returned verdicts of guilty in both causes. The trial court assessed punishment at concurrent terms of one year in county jail, probated for two years. Appellant claimed: (1) the trial court abused its discretion in denying a mistrial; (2) the evidence was insufficient to support appellant's conviction in Trial Court Cause No. 2018918; and (3) there was error in both judgments that entitled

him to a reformation of the judgment in both cases to reflect that he was convicted of a Class B misdemeanor rather than a Class A, and a new sentencing hearing because the sentences assessed were outside the range of punishment for a Class B misdemeanor.

In his opening brief, appellant claimed that although he was charged in both cases with committing the offense of terroristic threat *against a public servant*, the jury charge in each case only authorized conviction for the lesser included offense of terroristic threat.[1] Therefore, it was error for the trial court to enter judgments convicting him of Class A misdemeanors and to sentence him accordingly.

We determined the trial court did not abuse its discretion in denying appellant's motion for mistrial and the evidence was sufficient to support appellant's conviction in Trial Court Cause No. 2018918 and overrule appellant's first two issues. *Niles v. State*, No. 14-15-00498-CR, 2016 WL 7108248 (Tex. App.—Houston [14th Dist.] Dec. 6, 2016) (not designated for publication), *rev'd*, 555 S.W.3d 562 (Tex. Crim. App. 2018) ("*Niles I*"). However, we agreed with appellant and the State that there was error in the judgment. *Id.* We reformed both judgments to reflect appellant was convicted of a Class B misdemeanor and, as reformed, affirmed the convictions. *Id.* Further, because the sentences assessed were outside the range of punishment for a Class B misdemeanor, we reversed and remanded for a new sentencing hearing in each case. *Id.*

In response to a petition for review filed by the State Prosecuting Attorney, the Texas Court of Criminal Appeals granted petition for review on its own motion. The Court explained this is a case of charge error in that an element of the offense

---

[1] A terroristic threat is elevated from a Class B misdemeanor to a Class A misdemeanor if it is committed against a public servant. Tex. Penal Code §§ 22.07(a), 22.07(c)(2). As a Class B misdemeanor, the offenses were only punishable by up to 180 days in jail.

was omitted from the jury charge, even though the element had been pleaded in the charging instrument and tried before the jury. *Niles v. State,* 555 S.W.3d 562, 573 (Tex. Crim. App. 2018) ("*Niles II*"); *see Apprendi v. New Jersey,* 530 U.S. 466, 476 (2000). Because such error is subject to a harm analysis, we erred to reform the judgments without first analyzing whether the jury charge error resulted in harm. *Niles*, 555 S.W.3d at 573. The Court reversed and remanded with instructions for this court to conduct a harm analysis under the legal standard articulated in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). *Id.*[2]

## HARM ANALYSIS

When the defendant fails to object, as in this case, we will not reverse for jury-charge error unless the record shows "egregious harm" to the defendant. *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005) (citing *Almanza*, 686 S.W.2d at 171). Egregious harm deprives appellant of a fair and impartial trial. *See Almanza*, 686 S.W.2d at 171. Egregious harm occurs when the error "affects 'the very basis of the case,' deprives the defendant of a 'valuable right,' or 'vitally affect[s] a defensive theory.'" *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006) (quoting *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996) and *Almanza*, 686 S.W.2d at 172). Egregious harm is a difficult standard to prove, and such a

---

[2] Appellant's supplemental brief on remand contends for the first time that the judgments and sentences in each case violate his right to a trial by jury under TEX. CONST. art. I, § 15. Appellant has also filed a letter to bring to our attention a recent decision by the United States Supreme Court, *United States v. Haymond*, 139 S. Ct. 2369 (2019), in support of his position. The Texas Court of Criminal Appeals expressly held that the failure to include the public-servant element in the charging instruments in these cases is "jury charge error subject to a harm analysis." *Niles II*, 555 S.W.3d at 564. To any extent *Haymond* can be read to suggest that a harmless error analysis is not appropriate, the *Niles II* court based its decision upon an analysis of *Apprendi* and *Alleyne v. United States*, 570 U.S. 99 (2013), which are also examined in *Haymond*. The Court noted that "[b]oth parties on direct appeal recognized *Apprendi* error—that is jury charge error" and expressly rejected appellant's position that it was "reformulating" his issue. 555 S.W.3d at 569. We accordingly limit our opinion on remand to the question of whether the charge error was harmful to appellant.

determination must be done on a case-by-case basis. *Hutch*, 922 S.W.2d at 171 (citing *Almanza*, 686 S.W.2d at 171). Errors that result in egregious harm are those that affect the very basis of the case, deprive the defendant of a valuable right, or vitally affect a defensive theory. *Id.* The record must show that a defendant has suffered actual, rather than merely theoretical, harm from jury instruction error. *Ngo*, 175 S.W.3d at 750. In the egregious-harm analysis, we consider (1) the charge itself; (2) the state of the evidence, including contested issues and the weight of the probative evidence; (3) arguments of counsel; and (4) any other relevant information revealed by the trial record as a whole. *See Hutch*, 922 S.W.2d at 171.

## The Jury Charge

The jury charge wholly fails to include any instruction on the public servant element of the offense as a Class A misdemeanor. Moreover, the jury found appellant "guilty" rather than "guilty as alleged in the indictment." Thus, the jury charge weighs in favor of concluding appellant has suffered egregious harm.

## The State of the Evidence

This factor requires a determination of whether the jury-charge error related to a contested issue. *Hutch*, 922 S.W.2d at 173. It did not. The evidence that the complainants were public servants was strong, undisputed, and uncontradicted. *See Niles*, 2016 WL 7108248, at *1-6. As in *Kucha v. State*, 686 S.W.2d 154, 156 (Tex. Crim. App. 1986), "the record suggests the issue seems to have been taken as 'given' at trial." Because the issue did not "go to the very basis of the case" or "vitally affect a defensive theory," this factor weighs against a finding of egregious harm. *Kuhn v. State*, 393 S.W.3d 519, 528 (Tex. App.—Austin 2013, pet. ref'd) (citing *Kucha*, 686 S.W.2d at 156); *see also Harkins v. State*, 268 S.W.3d 740, 744 (Tex. App.—Fort Worth 2008, pet. ref'd); *Grider v. State*, 139 S.W.3d 37, 41 (Tex. App.—Texarkana

2004, no pet.) (quoting *Almanza*, 686 S.W.2d at 172; *Collins v. State*, 2 S.W.3d 432, 436 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd).

*Counsel's Arguments*

The question of whether or not the complainants were public servants was not argued to the jury by either appellant or the State. The defense moved for an instructed verdict on the basis of insufficient evidence that appellant intended to place Chief Haygood in fear of imminent serious bodily injury. During that discussion, the trial court made the following observations:

> THE COURT: I see here it says -- let's just go through the elements. April 29th, they've proved that. The aggravated assault on a public servant, they got that. Namely, Andrew Haygood, they got that. The Houston Department firefighter, they got that. Hereafter styled the complainant, okay, with the intent to place the complainant in fear of imminent serious bodily injury.
>
> . . . .
>
> THE COURT: I think you are right if you don't plead it that way. But, in this case, for whatever reason, you did. You pled it very specifically, that he would have to threaten aggravated assault on a public servant, namely, Andrew Haygood. Not with the intent to place another in fear of imminent serious bodily injury.

At no time during the discussion on defense's motion for an instructed verdict was any suggestion made that the State failed to prove the complainants were public servants. This factor therefore weighs against finding egregious harm.

*Other Relevant Information*

The record reflects that during voir dire, the panel was informed by the State that it was alleged in each case that appellant "did then and there unlawfully threaten to commit an offense involving violence, namely, aggravated assault, upon a public servant." Further, the State told the panel, "I have to prove that he threatened it against our complainants who are public servants, and they are firefighters with the

5

Houston Fire Department." The State again told the venire:

> I have to prove that the threat was against our complainants who are public servants. Now public servants can be firefighters, police officers, judges, etc. And you've already heard in this case our complainants are Houston Fire Department firefighters. So I have to prove that they're firefighters.

Also, the indictment in each case was read to the jury. They both state that appellant "did then and there unlawfully threaten to commit an offense involving violence, namely, aggravated assault, upon a public servant."

During trial, the following exchange occurred:

[The State] Now is Captain Andrew Haygood a Houston Fire
Department firefighter?
A. Yes, ma'am.
[The State] He's a public servant?
A. Yes, ma'am.
[The State] Same thing with Mark Keelen, is he a Houston
Fire Department firefighter?
A. Yes, ma'am.
[The State]  Is he a public servant?
A. Yes, ma'am.

There is nothing in the record that would support a finding that the complainants were *not* public servants. Accordingly, this factor also weighs against finding egregious harm.

## CONCLUSION

The record clearly establishes the complainants were public servants. Accordingly, we cannot conclude appellant was egregiously harmed by the charge

6

error. We therefore overrule appellant's third issue. In each case, the trial court's judgment is affirmed.

/s/     Margaret "Meg" Poissant
        Justice

Panel consist of Justices Wise, Spain and Poissant.

Publish — Tex. R. App. P. 47.2(b).