In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-19-00227-CR

**MICHAEL ANTHONY MARTINEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 18-06-08378-CR**

**MEMORANDUM OPINION**

Michael Anthony Martinez appeals from his conviction for possession with intent to deliver between four and 200 grams of methamphetamine.[1] In four issues, which we have rearranged, Martinez argues: (1) the trial court abused its discretion by allowing a witness to testify about the testing of the contraband police obtained in their investigation when the State failed to name the witness on the list it filed to

---

[1]*See* Tex. Health & Safety Code Ann. § 481.112(d); Tex. Penal Code Ann. § 12.42(d).
.

comply with the trial court's standing order governing discovery on all criminal cases in that court; (2) the charge the trial court submitted at punishment fails to instruct the jury not to consider Martinez's decision not to testify against him or as evidence of his guilt; (3) at punishment, the trial court erred by allowing the State to prove Martinez had been convicted of four other felonies, given the State's failure to notify Martinez that it intended to prove up these convictions more than twenty-one days before docket call occurred in his case as required by the trial court's standing discovery order; and (4) the charge submitted in the punishment hearing is deficient because it instructs the jury to assess a minimum twenty-five-year sentence but does not require the jury to make the necessary predicate findings required to authorize an enhanced sentence under the repeat-felony-offender statute applicable to habitual felons.[2]

We conclude Martinez's arguments on issues one, two, and four lack merit. As to issue three, we conclude that, even though the trial court erred in submitting a punishment charge that did not require the jury to find Martinez's conviction of the first of his four prior felonies became final before the date he committed his second

---

[2]*Compare* Tex. Penal Code Ann. § 12.42(c)(1), *with id*. § 12.42(d) (increasing the minimum term for a defendant who has incurred one previous felony from a minimum sentence of fifteen-years imprisonment to a minimum term of twenty-five years imprisonment when the defendant is found to have committed the second [the more recent] felony after the defendant's conviction of the first [and older] prior felony conviction became final).

2

(meaning the more recent in this case) of the four felonies, the evidence shows Martinez did not suffer any egregious harm. For these reasons, we will affirm.

## Background

In 2018, a grand jury indicted Martinez for possession with intent to deliver at least four but less than 200 grams of meth.[3] Martinez's indictment arose from a controlled buy the Conroe Police Department coordinated between a confidential informant and Martinez.

The testimony in the trial shows that before the confidential informant met with Martinez, the confidential informant met with detectives. They gave the informant $100 to purchase meth. After the detective gave the informant the money, they watched as the informant got into Martinez's car. When the informant left the car and met the detectives, he gave the detectives two baggies, baggies that the detectives testified contained a crystal-like substance they believed to be meth. The detectives searched the informant. He no longer had the money for the controlled buy. The detectives took the baggies to the police station, which in turn sent them to the Department of Public Safety's crime lab. Cheryl Szkudlarek, a forensic chemist with the lab, tested the substance in the baggies. She determined the baggies contained 6.3 grams of meth.

---

[3]*See* Tex. Health & Safety Code Ann. § 481.112(d).

The State called four witnesses in the first phase of Martinez's trial. The State's witnesses were the two detectives involved in the controlled buy, the confidential informant who bought the baggies from Martinez, and Szkudlarek.

Martinez's attorney objected when the State announced it intended to call Szkudlarek as a witness. Martinez asked the trial court to exclude Szkudlarek's testimony because the State had not designated her on the list of witnesses it filed to comply with the trial court's standing discovery order, an order that requires the State provide defendants a list of its witnesses at least twenty-one days prior to the docket call before trial. Under the standing order, the State is required to provide defendants in criminal cases certain discovery identified in the trial court's standing order. The requirements in the standing order include that the State provide defendants with a list of all witnesses it plans to call in the defendant's trial. The standing order states the list is due at least twenty-one days before the day the trial court calls the case to trial.

When the prosecutor responded to Martinez's objection, she never claimed the State had included Szkudlarek's name on its witness list. Instead, she argued Martinez knew that the State was planning to call Szkudlarek as a witness even though it had failed to include her name on its list. At trial, the prosecutor argued the State gave Martinez access to Szkudlarek's lab report more than twenty-one days before trial, a report that contains Szkudlarek's name and her qualifications.

4

The trial court conducted a hearing outside the jury's presence to decide whether it would allow Szkudlarek to testify. In the hearing, the prosecutor argued she mistakenly failed to include Szkudlarek's name on the State's list. But the mistake, she argued, did not result from any bad faith on the part of the State because Martinez's attorney knew the State was planning to call Szkudlarek as a witness given that Szkudlarek authored the report prepared by the lab that is relevant to the testing of the substance in the baggies that is associated with the controlled buy. The trial court examined the report before it ruled on Martinez's objection that Szkudlarek's name is not on the State's list. Szkudlarek's report, which is in evidence, contains Szkudlarek's findings, her name, information about the tests, and results from the tests performed in the lab. The report also contains detailed information about Szkudlarek's qualifications as a chemist.[4]

Martinez never asked the trial court to continue the case. He also did not claim he needed a continuance because he was surprised the State wanted to call Szkudlarek as a witness in the trial. During the hearing, Martinez's attorney acknowledged he had seen Szkudlarek's report before the trial. In the end, the trial

---

[4]We note the Clerk's Record shows that the State moved to continue the case from a prior trial setting in June 2019. The motion states "the State's material witness, Cheryl Szkudlarek, our forensic scientist [], will be out of the country [until] June 21st." The prosecutor did not mention the motion to continue in the hearing.

court found the State did not act in bad faith by failing to list Szkudlarek. Then, the court allowed Szkudlarek to testify.

Szkudlarek's testimony tracks the information she included in her report. For instance, she testified she weighed the substance in the baggies and found it to weigh 6.3 grams. Szkudlarek also testified that her tests on the substance were based on tests performed with a gas chromatograph. These tests, according to Szkudlarek, revealed the sample she tested contains meth.

Martinez called no witnesses in his defense during the guilt-innocence phase of the trial. When the jury returned with a verdict, it found Martinez guilty of possession with intent to deliver at least four but less than 200 grams of meth.

After the jury found him guilty, Martinez chose to have the jury decide his punishment. Generally, indictments alleging the defendant possessed and intended to deliver at least four but less than 200 grams of a controlled substance like meth are classified as first-degree felonies.[5] But when the State presents evidence in the defendant's trial to show he is a repeat-felony offender, the factfinder may assess an enhanced sentence if the State alleges and proves the defendant, before committing the primary offense on which the jury found him guilty, committed prior felonies (other than state-jail felonies) resulting in the defendant's conviction that had become final. That said, the repeat-felony-offender statute requires the State to

---

[5]*Id*. § 481.112(d).

establish the defendant committed the prior felonies in the sequence required under that statute for the prior felonies to be used to enhance the defendant's sentence.[6]

In a notice filed eleven days before trial, the State notified Martinez of its intent to prove he had final convictions on four prior felonies. Under the repeat-felony-offender statute, a defendant found guilty of committing one or two prior felonies, committed in the sequence required by that statute, faces an increased punishment range compared to the range otherwise available for defendants convicted only on the primary offense.[7]

Before the parties presented any evidence, Martinez objected that the State had not given him twenty-one-days' notice of its intent to prove up the four prior convictions. In response, the State argued it gave Martinez notice of its intent to prove up the four convictions nearly two weeks before the trial. But Martinez argued the notice the State gave him of the four convictions did not comply with the notice requirement in the trial court's standing order, which requires the State to notify defendants of the prior convictions it intends to prove up in the trial at least twenty-one-days before the trial.

---

[6]Tex. Penal Code Ann. § 12.42.

[7]*See id.* § 12.42(d) (authorizing increased punishment ranges for the repeat felony offender's sentence if the evidence in the trial establishes the defendant was convicted of one or two or more prior felonies committed in the sequence that is required under the statute).

The trial court overruled Martinez's objection and allowed the jury to consider the evidence the State offered proving Martinez had incurred four prior convictions that became final before the date that he committed the primary offense. After that, Martinez pleaded *not true* to the allegations in the State's notice. During the punishment hearing, the trial court allowed the State to prove Martinez had incurred the four prior convictions listed in State's notice. And in submitting the charge, the trial court instructed the jury about what the trial court apparently believed the jury needed to find before answering "True" to the questions in the charge that ask whether Martinez had final convictions on four prior felonies.

The charge contains five pages of instructions that explain the trial court's view of what the jury needed to find to answer each of the four paragraphs inquiring about the prior convictions by answering "True." In three of these, Paragraphs I-III, the trial court addressed what the jury needed to find before answering "True" to the allegations that addressed the first three of Martinez's convictions, three felonies that Martinez was convicted of committing on the same day in August 2006. Paragraph IV of the charge explained what the jury needed to find before answering "True" to the fourth paragraph that addressed Martinez's prior convictions. Paragraph IV concerns a conviction Martinez incurred in March 2012. And similar to the language in Paragraphs I-III, Paragraph IV asked the jury whether Martinez's March 2012

"conviction became final prior to the commission of the aforesaid offenses (sic) in Count I of the Indictment."[8]

The remaining paragraphs of the charge explain what range of punishment the jury could consider in Martinez's case. One of the paragraphs, Paragraph V, explains that if the jury answered "True" to the allegations that Martinez committed the primary offense for possessing meth after the convictions on at least one of his first three prior felonies and the fourth of his prior felony conviction became final, the jury was to give Martinez a sentence ranging from twenty-five years to life. In Paragraph VI of the charge, the trial court told the jury what sentence to consider if it "answered 'True' to **only one** of the allegations" on Martinez's four prior convictions. In that paragraph, the trial court instructed the jury that, if it found "True" just one of the paragraphs addressing Martinez's prior convictions, the jury had to give Martinez a sentence of between fifteen-years in prison to life.

When the jury returned with its verdict, it answered "True" to all four enhancement paragraphs in the charge. Based on those findings, the charge shows the jury, after considering the trial court's instruction that Martinez was to be given

---

[8]We note the language in Paragraph IV of the charge fails to track the language the State placed in its notice of enhancements. As to Martinez's March 2012 conviction, the notice alleges Martinez's conviction "became final prior to the commission of the aforesaid offense in Count I of the Indictment *and Enhancement Paragraph[s] A, B, and C*." (emphasis added). Thus, the charge the trial court submitted does not track the language the State used in its notice concerning the conviction on the felony that Martinez incurred in March 2012.

a sentence of between twenty-five years in prison to life, the jury decided upon a fifty-year sentence.

Analysis

*Did the trial court abuse it discretion by allowing*
*Cheryl Szkudlarek to testify when she was not on the State's list?*

Martinez contends Szkudlarek should not have been allowed to testify because the State left her off its list in violation of the trial court's standing order governing discovery, which required the State to name her at least twenty-one days before the trial. On appeal, Martinez disputes the trial court's finding that the State did not act in bad faith when it left Szkudlarek off its list.

The Code of Criminal Procedure provides that, upon the defendant's *written* request, the trial court must require the State to notify the defendant of its witnesses at least twenty-one days before jury selection.[9] But when the State has not received the required *written* request, section 39.14 is more limited. In that case, the State must disclose nothing more than "exculpatory, impeachment, or mitigating document[s], item[s], or information in the possession, custody, or control of the state that tends to negate" the defendant's guilt.[10]

---

[9]*See* Tex. Code Crim. Proc. Ann. art. 39.14(b); *Martinez v. State*, 867 S.W.2d 30, 39 (Tex. Crim. App. 1993).

[10]Tex. Code Crim. Proc. Ann. art. 39.14(h).

10

Even so, the Code of Criminal Procedure allows trial courts in criminal cases to require the parties to produce information relevant in the case prior to the defendant's trial.[11] Yet the Texas Code of Criminal Procedure does not specify what sanction, if any, trial courts are to consider if a party violates one or more of the requirements of one of the discovery orders the trial court signs based on the discretion the Legislature gave trial courts to order pretrial discovery.[12]

There is no question that Martinez objected when the State announced it was calling Szkudlarek to testify in the trial. But the trial court overruled his objection, exercising discretion and allowing her to testify following a hearing the trial court conducted before deciding how to rule. When trial courts allow witnesses not properly designated as a witness under one of the trial court's discovery orders to testify, the ruling will be reviewed for abuse of discretion.[13] We consider several factors in reviewing the trial court's ruling, including whether the evidence shows the State acted in bad faith by "failing to disclose ahead of time the name of the witness."[14] And in evaluating the record, we consider if it shows the defendant

---

[11]*See id*. art. 28.01, § 1(8).

[12]*Id*.

[13]*See Nobles v. State*, 843 S.W.2d 503, 514-15 (Tex. Crim. App. 1992). *Montgomery v. State*, 810 S.W.2d 372, 378-79 (Tex. Crim. App. 1990) (acknowledging trial courts have "great discretion" in admitting or excluding evidence); *Stoker v. State*, 788 S.W.2d 1, 14-16 (Tex. Crim. App. 1989), *cert. denied*, 498 U.S. 951 (1990).

[14]*Nobles*, 843 S.W.2d at 514 (cleaned up).

should have expected the witness to testify even though the State did not disclose the witness's name before trial.[15]

For the following three reasons, we conclude Martinez has not shown any abuse of discretion occurred. First, while Szkudlarek's name was not on the list, the record shows the State gave Martinez a list of its witnesses more than two months before trial. Although the State did not include Szkudlarek's name on its list, the record shows it made an effort to comply with the trial court's standing order. That evidence is consistent with the trial court's finding that the State's failure to include Szkudlarek's name on the list was unintentional and not done in bad faith.

Second, more than twenty-one days before trial, the State moved for a continuance. Its motion alleges it needed the continuance because Szkudlarek, "a forensic scientist, will be out of the country" until June 21st. Add that, the record shows that Martinez's attorney was aware of and accessed the report Szkudlarek authored before the trial, facts that support the prosecutor's claim that Martinez's attorney knew the State intended to call Szkudlarek as a witness in the trial. Szkudlarek's report describes her credentials and her findings, and Szkudlarek's testimony tracks her report.

Third, Martinez never asked the trial court to continue. He also never claimed surprise at any point in the trial. These circumstances also support the trial court's

---

[15]*Id.*

ruling denying Martinez's objection to Szkudlarek testifying in his trial. Accordingly, Martinez's claim the trial court abused its discretion is unfounded. Martinez's first issue is overruled.

*Did the trial court err in failing to instruct the jury that a defendant's decision not to testify cannot be held against him and is not evidence of guilt?*

In issue two, Martinez argues the trial court erred in failing to instruct the jury that it could not use Martinez's decision not to testify against him in deciding whether he was guilty of possessing with intent to deliver the meth. In his brief, Martinez recognizes that he never objected or asked the trial court to include a no-evidence-of-guilt instruction in its charge.[16] Martinez also recognizes he did not object to the fact the charge did not contain a no-evidence-of-guilt instruction, but he claims the error is still reversible because the error, he says, resulted in egregious harm.[17]

Under Texas law, a trial court must provide the jury with a written charge setting forth the law that applies to the facts in the defendant's case.[18] In reviewing a claim of charge error, we follow a "two-step process."[19] First, "we determine

---

[16]We note Martinez testified in the punishment phase, but he did not testify in the guilt-innocence phase of his trial.

[17]*Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

[18]Tex. Code Crim. Proc. Ann. art. 36.14.

[19]*Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).

whether the jury instruction is erroneous."[20] Second, if error occurred, we analyze the error for harm.[21] The reason the trial court gives the jury a charge "is to inform the jury of the applicable law and guide [the jurors] in its application to the case[.]"[22] And in submitting the charge, the trial court is required "to instruct the jury on statutory defenses, affirmative defenses, and justifications whenever they are raised by the evidence."[23]

Under step one, we must decide whether the trial court erred by failing to include a no-evidence-of-guilt instruction in the charge.[24] Under provisions in both the Texas and the United States Constitutions, defendants in criminal cases have the right not to testify in their trials.[25] Even more, both the United States Supreme Court and the Court of Criminal Appeals recognize that trial courts must instruct the jury, *upon request*, that the defendant's decision not to testify cannot be held against the defendant in the trial or used as evidence of the defendant's guilt.[26] In this case, the record shows Martinez neither asked the trial court to include a no-evidence-of-guilt

---

[20]*Id.*

[21]*Id.*

[22]*Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007) (cleaned up). *Almanza*, 686 S.W.2d at 171.

[23]*Walters v. State*, 247 S.W.3d 204, 208-09 (Tex. Crim. App. 2007).

[24]*See Kirsch*, 357 S.W.3d at 649.

[25]*See* U.S. CONST. amend. V, XIV; Tex. Const. art I, § 10; *see also* Tex. Code Crim. Proc. Ann. arts. 1.05, 38.08.

[26]*Carter v. Kentucky*, 450 U.S. 288, 297 (1981) (emphasis added); *Beathard v. State*, 767 S.W.2d 423, 432 (Tex. Crim. App. 1989).

instruction in the charge, nor did he object to the charge based on the lack of that instruction during his trial.

Martinez cites no cases that state trial courts have a duty, in the absence of a request, to include a no-evidence-of-guilt instruction in the charge. And the existing precedent states the right to the instruction arises upon request.[27] Since the record shows Martinez never requested the instruction, we hold the trial court did not err when it failed to include a no-evidence-of-guilt instruction in its charge. Martinez's second issue is overruled.

*Is Martinez entitled to a new punishment hearing?*

In issue three, Martinez argues he is entitled to a new punishment hearing because the trial court submitted a charge in which it sequenced his prior convictions in an order that does not require what the order proscribed in the repeat-felony-offender statute to require the jury to assess a sentence accompanied by a mandatory minimum of twenty-five years.[28] The twenty-five-year minimum sentence requirement that applies to certain repeat felony offenders, which is set out in section 12.42(d) of the Penal Code, provides with exceptions that are not applicable here as follows:

> "[I]f it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the

---

[27]*Brown v. State*, 617 S.W.2d 234, 238 (Tex. Crim. App. 1981).
[28]*See* Tex. Penal Code Ann. § 12.42(d).

second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years."[29]

Martinez argues the charge submitted in his punishment hearing is defective because it did not require the jury to find he committed the prior offense in 2012 after his convictions on one or more of the three felonies he committed in 2006 became final.[30] Martinez concludes that despite the error, the charge instructed the jury that it had to consider a sentence that included a minimum twenty-five-year term even though the charge failed to predicate the 2012 conviction on a finding that he committed that offense after one or more of the three convictions he incurred in 2006 became final. Based on the language in the charge, Martinez argues, the charge should have instructed the jury to assess a sentence carrying a minimum term of fifteen years.[31]

Generally, convictions for first-degree felonies are punishable by a sentence ranging from "life or for any term of not more than 99 years or less than 5 years."[32] Even so, the Penal Code provides enhanced sentences if the State chooses to allege and then prove in the trial that the defendant has prior felony convictions that make

---

[29]*Id.*
[30]*Id.*
[31]*Id.* § 12.42(c)(1).
[32]*Id.* § 12.32.

16

him a repeat or habitual felony offender.[33] But under that statute, the State must prove the defendant committed the prior felonies in the sequence required by the repeat-felony-offender statute to trigger the application of the various possible enhanced sentences available under that statute.[34]

Here, the charge the trial court submitted asked to find if Martinez committed each felony mentioned in that enhancement paragraphs and to find such "conviction became final prior to the commission" of the offense alleged in the indictment. That court included that same language in Paragraph IV of the charge on the felony Martinez committed in 2012. Thus, we find the charge failed to sequence the 2012 conviction properly because it did not require the jury to find that he committed the underlying offense relevant to his conviction in 2012 on a finding that he committed that offense after his conviction on one or more of the felonies he incurred in 2006 became final.[35] When there is error in the charge, the reviewing court must determine whether the defendant was harmed.[36] And the degree of harm needed before the defendant is entitled to a new punishment hearing depends on whether the error in the charge was properly preserved in the trial.[37] Here, the charge error allowed the

---

[33]*Id*. § 12.42.
[34]*Id*.
[35]*See id*. § 12.42(d).
[36]*Kirsch*, 357 S.W.3d at 649 (noting that "all alleged jury-charge error must be considered on appellate review regardless" of whether it was properly preserved in the trial); *see also Almanza*, 686 S.W.2d at 171.
[37]*Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003).

jury to consider sentencing Martinez to a term that carried a minimum sentence of twenty-five-years.[38]

Even so, the record shows Martinez did not object to the charge and claimed the language did not track the required predicate findings needed to allow the jury to consider a sentence carrying a minim term of twenty-five years.[39] However, the trial court did have a duty to deliver a charge setting forth the law that applied to Martinez's case, and the charge as to the repeat-felony-offender statute fails to comply with the law.[40] But the error was not properly preserved, so we cannot reverse Martinez's sentence and order a new hearing on punishment unless the record shows the error caused egregious harm, meaning the error was so harmful that it resulted in Martinez receiving an unfair trial.[41]

While we have fully examined the record, we find nothing in it that supports Martinez's argument claiming the error resulted in egregious harm.[42] What the

---

[38]*Id.*

[39]In other words, while in the trial court, Martinez brought the complaint he raises in his appeal, that the repeat-felony-offender statute requires a jury to find the defendant committed the second (more recent) felony after his conviction on the first felony (the older of the two convictions) became final.

[40]Tex. Code Crim. Proc. Ann. art. 36.14.

[41]*Marshall v. State*, 479 S.W.3d 840, 843 (Tex. Crim. App. 2016); *see also Almanza*, 686 S.W.2d at 171.

[42]We note Martinez does not argue the jury's punishment verdict should be reversed under the some-harm standard to him from the error. *See Almanza*, 686 S.W.2d at 171 (explaining the some-harm standard applies to claims of charge error when the error is properly preserved for the purpose of a later appeal).

record shows instead is that Martinez committed the felony that resulted in his conviction in 2012 after his convictions on the first three prior felonies he committed in 2006 on the same day had already become final. The evidence showing these facts is undisputed.

For instance, the trial court admitted all four of the judgments on Martinez's prior convictions during his trial. The judgment on Martinez's 2012 felony conviction shows he committed that offense in April 2010. And the judgments on Martinez's 2006 convictions show that the judgments in those cases resulted from guilty pleas. At trial, Martinez admitted during the punishment hearing that he was convicted on all four felonies and the convictions were never appealed.[43]

The remaining evidence relevant to Martinez's third issue also provides Martinez with nothing to help him on his argument that the error in the charge caused egregious harm.[44] For instance, in final argument, Martinez's attorney never argued the jury should answer "Not True" to the paragraphs about whether he had committed the four prior felonies relevant to the questions the trial court submitted that triggered the instructions about assessing an enhanced sentence. Second, the

---

[43]*See* Tex. R. App. P. 26.2 (providing that in criminal cases, the defendant must file a notice of appeal within thirty days of the date sentence is imposed or within ninety days of that date if the defendant files a timely motion for new trial).

[44]*See Allen*, 253 S.W.3d at 264 (noting the degree of harm is assessed in light of (1) the entire charge; (2) the state of the evidence; (3) the argument of counsel; and (4) any other information relevant to the question of egregious harm).

charge, considered as a whole, places the burden of proof on the State to prove the allegations in the enhancement paragraphs beyond reasonable doubt. It also instructs the jury to answer the enhancement paragraphs "Not True" should the State not meet its burden. We conclude Martinez's claim of egregious harm is unfounded.[45] Issue three is overruled.

*Did the State timely notify Martinez of its intent to introduce evidence to show he had prior convictions on four felonies before trial?*

In Martinez's last issue, he argues the trial court abused its discretion by allowing the State to introduce evidence showing that he had prior felony convictions given the fact the State failed to provide him with twenty-one-days' notice of the felonies, as required by the trial court's standing orders. Under the relevant part of the standing order, the State had to notify defendants like Martinez of its intent to introduce evidence to show the defendant committed prior felonies at least twenty-one days before docket call.

The record shows that the State notified Martinez it intended to introduce evidence on the four prior convictions around two weeks before the trial.[46] In the notice, the State identified the four felony convictions the trial court allowed the

---

[45]*See Kucha v. State*, 686 S.W.2d 154, 155-56 (Tex. Crim. App. 1985).
[46]We note the indictment includes an enhancement count alleging Martinez committed one prior felony. That felony was one of the three felonies he was convicted of committing in August 2006. Thus, the record shows that Martinez was already on notice based on the indictment regarding one of the four prior felonies discussed in the opinion.

State to prove up in Martinez's trial. The judgments contain various details about Martinez's respective convictions.

In response to Martinez's argument, the State suggests its failure to provide Martinez with twenty-one days' notice of the convictions did not violate the trial court's standing discovery order because Martinez never sent the State a request in which he asked the State to identify the convictions. Even though we disagree with the State that the order did not require it to provide Martinez with at least twenty-one days' notice of the convictions, we conclude for four reasons the record supports the trial court's ruling to allow the State to prove up the four prior convictions.

First, the trial court's standing orders are silent about the remedy it would impose should the State violate one or more of the requirements in the order. Second, Martinez has not argued he was ambushed in the trial by the ruling allowing the jury to hear the evidence on the prior convictions. Stated another way, Martinez never claimed the notice that he received, about two weeks, was insufficient to allow him the time he needed to prepare for his trial or claim the time he had to prepare was insufficient to marshal his defense to one or more of the convictions. Here, Martinez never asked for a continuance in the two-week period leading up to the trial. He also never claimed surprise based on the evidence the State introduced proving up the convictions.

21

Third, Martinez admitted he was guilty and convicted based on the four judgments that the State introduced into evidence during the trial. So Martinez's own testimony bolsters our conclusion that Martinez had no defense he could have used to dispute the allegations in the State's notice about the prior convictions. Fourth, Martinez never claimed he had no notice whatsoever of the fact the Sate intended to introduce evidence proving up the four prior convictions. Instead, the record shows he had nearly two weeks-notice of them. And Martinez has never claimed the notice was so short that he was deprived of his right to due process.[47]

So the question is whether the record shows Martinez received sufficient notice of the enhancements to allow adequate time for him to prepare his defense. In answering that question, we note the record shows Martinez received just nine-days less notice than the notice the trial court required of the State in its standing order.[48]

While the Code of Criminal Procedure allows trial courts to require pretrial discovery, nothing in the Code of Criminal Procedure states that a trial court must exclude evidence in the event a party produces the evidence late and in violation of one of the trial court's pretrial orders.[49] For the reasons explained above, we

---

[47]*See Villescas v. State*, 189 S.W.3d 290, 294 (Tex. Crim. App. 2006) (noting that "when a defendant has no defense to the enhancement allegation and has not suggested the need for a continuance in order to prepare one, notice given at the beginning of the punishment phase satisfies the federal constitution").

[48]*See Pelache v. State*, 324 S.W.3d 568, 577 (Tex. Crim. App. 2010).

[49]Tex. Code Crim. Proc. Ann. art. 28.01.

22

conclude that Martinez's arguments that the trial court abused its discretion by allowing the State to prove up the prior convictions in his trial is unfounded. Because Martinez's last issue lacks merit, it is also overruled.

Conclusion

For the reasons explained above, the trial court's judgment in cause number 18-06-08378-CR is

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on June 1, 2021
Opinion Delivered September 8, 2021
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.